TRAVELERS INS. CO. v. CASON.

No. 3738.

Court of Civil Appeals of Texas. El Paso.

Oct. 27, 1938.

Rehearing Denied Nov. 23, 1938.

Thompson, Knight, Baker, Harris & Wright and Pinkney Grissom, all of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

WALTHALL, Justice.

This suit was brought in Henderson County, Texas, by Elbert Cason against the Travelers Insurance Company to set aside a compensation award of the Industrial Accident Board of Texas, under the Workmen's Compensation Law, Vernon's Ann. Civ.St. art. 8306 et seq. The suit involves that part of Article 8306, section 19, and acts amendatory thereof, known as the "extraterritorial clause," which provides in part: "Sec. 19. (Sect. 1) If an employee, who has been hired in this State, sustain

injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, * * *. Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred." The parts of Section 19 not copied here refer to the county of Texas where the contract of hiring was made and where such employee resided when the suit was brought, and the county where the employee or the employer resided when the contract of hiring was made, and are not brought into question in this case.

Defendant in error alleged, in substance: That he was a resident of Henderson County, Texas; that J. Lee & E. A. Vilbig, Inc. was subscriber to the Workmen's Compensation Law of the State of Texas and carried a policy of workmen's compensation insurance with The Travelers Insurance Company which was in force and effect on and prior to October 29, 1936, covering the employees of said subscriber, and in accordance with the Workmen's Compensation Law of the State of Texas; that on or about the 29th day of October, 1936, he sustained accidental personal injuries while in the course of his employment in the State of Virginia, and which injuries naturally and proximately resulted in his total incapacity to labor within the meaning of the compensation law for a period of thirty weeks from the date of said accident, for which, it is alleged, he is entitled to recover compensation at the rate of $20 a week, making the total sum of $600, and that immediately following said period of total incapacity he was, and will continue to be, partially incapacitated as a natural result of his alleged injuries to the extent of fifty percent of his ability to labor within the meaning of the Compensation Law of the State of Texas, for a period of two hundred weeks, for which period he alleged he was entitled to recover compensation at the rate of $10 per week, or the total sum of $2,000. In the alternative, defendant in error alleged that if he was not totally disabled for a period of thirty weeks, he was partially incapacitated, and further in the alternative, he alleged that if he was not fifty percent partially incapacitated within the meaning of the compensation law, he will be partially incapacitated, and asks the court to fix the amount and degree of partial incapacity which he has suffered or will suffer.

Defendant in error alleged that it was necessary, on account of his said injuries, to employ physicians and surgeons and to buy medicine and pay hospital bills, in the sum of $200.

Defendant in error further alleged that he was a foreman on his employer's work in the State of Virginia, constructing a highway; that as foreman he discharged one of the employees under him, who became angered and made an attack upon him, defendant in error, on said day, striking him blows in the mouth, in the face and about his body, injured his shoulder and shoulder-blade, knocked loose and broke several of his teeth, crushed and fractured bones in his jaw; that as a result of said injuries it was necessary to have one of his teeth extracted; that his jaw became swollen, inflamed and infected, and had to be operated upon, and caused him much pain and suffering; his blood stream became infected; and as a result of his said injuries he became disabled as alleged.

Defendant in error further alleged that he was and is a resident of Henderson County, Texas; that he was hired in the State of Texas by his employer, J. Lee & E. A. Vilbig, Inc., and was thereafter sent by his employer to the State of Virginia to work, and that he was working in Virginia at and under the instructions of his employer at the time he sustained his injuries; that he was employed in Texas and was sent to Virginia by his employer to work temporarily.

Defendant in error alleged that his injuries herein described and sued for were sustained by him within less than one year after he was sent to Virginia to work by his employer and within less than one year after he left the State of Texas.

Plaintiff in error answered by general denial, and specially to the effect defendant in error had no cause of action under the Compensation Law of the State of Texas by reason of the alleged accident and injuries in the State of Virginia; that his cause of action did not come

within the purview of the Compensation Law of Texas, nor within the purview of the extraterritorial provisions thereof; that defendant in error was employed to work solely in Virginia.

In response to the special issues submitted the jury found:

(1) That Cason sustained personal injuries as a result of being assaulted by one Graham on or about October 29, 1936.

(2) That the injuries sustained by Cason as a result of being assaulted as above were sustained by him while working as an employee of J. Lee & E. A. Vilbig, Inc.

(3) That such injuries were received by him in the course of his employment.

(4) That prior to sustaining his injuries Cason was hired by J. Lee & E. A. Vilbig, Inc., in the State of Texas.

(5) That Cason was sent by his employer to the State of Virginia to work temporarily.

(6) That the injuries received by Cason in the State of Virginia were sustained by him within one year from the date Cason left the State of Texas.

(7) That Cason sustained total incapacity as a natural result of said personal injuries received by him on October 29, 1936.

(8) That he sustained 25 weeks of total incapacity as a result of said injuries.

(9) That the period of total incapacity ended April 23, 1937.

(10) That the said Cason sustained partial incapacity as a result of said injury.

(11) That the period of partial incapacity as a result of the injuries of October 29, 1936, was 133 weeks.

(12) That such partial incapacity began on April 23, 1937.

(13) That the difference between Cason's average weekly wage before the injury and his average weekly wage earning capacity during the existence of such partial incapacity is $12.25.

(14) That the subscriber received notice of the injuries to Cason within thirty days after the accident happened.

(15) That claim for compensation was filed as required by law within six months both with the Industrial Accident Board and with The Travelers Insurance Company.

(16) That the compensation insurance covering the employees of J. Lee & E. A. Vilbig, Inc., at the time of the said alleged accident was carried by The Travelers Insurance Company.

(17) That the said Cason had worked in the employment in which he was working at the time of his personal injuries substantially the whole of the year immediately preceding the date of said injuries; that his average daily wage was $5.28.

(18) That the said Cason had not injured his left jaw prior to October 29, 1936.

(19) That the said Cason was not employed by the said J. Lee & E. A. Vilbig, Inc., to work solely in the State of Virginia at the time he was sent to the State of Virginia.

(20) That the assault made upon the said Cason by the said Graham was not made by the said Graham for reasons personal to himself.

The court entered judgment on the verdict of the jury in favor of the plaintiff and against the defendant, in the sum of $474.05, with interest from date of judgment, and for compensation at the rate of $7.35 per week for 133 consecutive weeks, including 20 weekly installments of partial disability which had already accrued, and the total of $148.77, including interest, the balance of 113 weeks' partial disability to accrue after the judgment at the rate of $7.35 per week, the first installment to accrue September 16, 1937, and for costs of suit.

The court overruled plaintiff in error's motion for a new trial, and it prosecutes this appeal.

## Opinion

For the sake of brevity we will, in the opinion, refer to plaintiff in error as plaintiff and to defendant in error as defendant.

Under the first three points plaintiff submits that defendant, Cason, was not a Texas employee within the meaning of the extraterritorial provisions of the Texas Compensation Act. First, because the evidence shows that Cason was employed to work in the State of Virginia and was injured in that state; second, because there is no evidence to the effect that Cason was employed in Texas and sent temporarily to Virginia to engage in work that was incidental to some work

which his employer had in Texas; third, since the primary purpose of the extra-territorial provisions of the Texas Compensation Law is to protect employees who are such under some contract of hire and who are incidentally or temporarily sent out of this State to work, under the evidence Cason was not covered under the Texas Compensation Law.

The evidence shows that at all the times involved here, and for some twenty years prior thereto, Cason had been a resident citizen of Henderson County, Texas; the evidence shows that Cason had worked for J. Lee & E. A. Vilbig, Inc., in Texas, though not continuously, for several years and had worked for that company in Texas for about one year immediately before going to Virginia to work. The work the Vilbig Company was doing in Texas was the same kind of work the Vilbig Company (the same company) was doing in Virginia, road work, moving dirt, constructing a part of the Skyline Drive, a highway the Federal Government was building, and Cason's work in Texas and Virginia for that Company was of the same general character, a foreman on the work. Cason testified that he quit his job with the Vilbig Company in Henderson County, and "went to Dallas to go to Virginia was the order." At Dallas he had a conversation with Mr. Larkin, the Vilbig Company's superintendent on the Virginia job; said Larkin "just wanted to know about transferring him (Cason) on into Virginia; he wanted to know if I would go up there. I told him I would. That was all, he just asked me if I would go, and I told him that I would." He did not tell Cason the kind of job Cason would have in Virginia. The above conversation occurred on the day before Cason started for Virginia. Larkin gave Cason expense money to go to Virginia. In answer to the question, "When did your salary begin?" Cason answered: "I was still on a salary—still on the payroll—by the week." Cason testified that Larkin told him how much he would pay him (on the Virginia work). The evidence shows that Cason received the injuries stated above while working in Virginia as foreman for his employer, J. Lee & E. A. Vilbig, Inc. At the time Cason was injured in Virginia he had been working there continuously for a period between four and five months.

T. F. Larkin testified: Was superintendent for J. Lee & E. A. Vilbig, Inc. He

was put on the work in Texas; he personally employed Cason in Dallas, Texas, to work in Virginia, and told him to go to Virginia to work; when he got to Virginia he worked a while as dump foreman and was promoted to shovel foreman. Cason was employed at Dallas, Texas, about the last of May and commenced his work in Virginia on June 3, 1936.

Plaintiff refers to the case of American Mutual Liability Co. v. McCaffry, 5 Cir., 37 F.2d 838, 870, from which case plaintiff reasons that the present case is not incidental to any work Vilbig has in Texas, nor is the work of Cason a temporary work, and concludes therefrom that Cason is not entitled to recover under the extra-territorial provisions of the Texas Compensation Law.

█ It would serve no good purpose to discuss the case. Several cases brought under the extraterritorial provisions of the Texas law have been before our courts and the judgments enforcing its provisions have been sustained. The question of the policy of such legislation is a matter for the consideration of the legislature and not the courts. Home Life & Accident Co. v. Orchard, Tex.Civ.App., 227 S.W. 705; Norwich Union Indemnity Co. v. Wilson, Tex.Civ.App., 17 S.W.2d 68; Texas Employers Ass'n v. Price, Tex.Civ. App., 300 S.W. 667; Texas Employers' Insurance Ass'n v. Volec, Tex.Civ.App., 44 S.W.2d 795, affirmed, Tex.Com.App., 69 S. W.2d 33. These cases have often been referred to by both State and Federal courts, and the matters there decided have become the settled law in this State.

█ The evidence clearly shows: that Cason was a Texas employee; that he was hired in this State; that he sustained injury in the course of his employment; that the suit was brought in the county of Texas where he resided when the suit was brought, and in the county of his residence when the contract of hiring was made; that the injury Cason sustained occurred within one year from the date he left this State under his contract of employment, and he has not elected to pursue his remedy for any recovery in the State of Virginia where such injury occurred.

We think the evidence will bear out the statement that Cason was simply transferred by his contract of employment with his employer from its work in Texas to its same kind and class of work in

Virginia, and that Cason was a foreman for his employer in his Texas work and was given the work of foreman on the Virginia work.

Other points not discussed here have been considered and are overruled.

We have found no reversible error and the case is affirmed.