Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

W. H. Reid, of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an order granting a temporary injunction. The Republic Ice Company sued E. H. Gray, alleging in substance that on June 4, 1931, plaintiff and defendant entered into a written contract, whereby plaintiff employed defendant as driver to sell and deliver ice to customers on such route or routes as might be assigned, at a daily wage of $4, payable weekly; that defendant obligated himself to refrain from engagement in the ice business, either directly or indirectly, within the territory covered by the route or routes so assigned, for a period of three years, immediately following the termination of his contract, from whatever cause; that during the period of defendant's service, he was assigned and worked certain named routes; that on November 15, 1933, the contract of employment ended, and that subsequent thereto defendant began selling ice to plaintiff's customers along the routes served by defendant while in the service of plaintiff, and, by solicitation and sales of ice, diverted trade from plaintiff, to its actual damage in the sum of $500, and that, unless enjoined, defendant will continue such solicitation and sales of ice to plaintiff's said customers, to its irreparable damage; wherefore, plaintiff prayed for injunctive relief, temporary and permanent, requiring defendant to desist, for a period of three years from the date of the termination of said contract of employment, from selling ice, either directly or indirectly, within the territory formerly served by plaintiff's employee, and that plaintiff have judgment against defendant for $500 damages, costs of suit, etc.

The order of court, on application for temporary injunction, in part reads: "And after full consideration of said pleadings, and after hearing the evidence and argument of counsel herein, the court is of the opinion and so finds that the material allegations in the plaintiff's pleadings for a temporary injunction herein should be sustained, and that temporary injunction should issue herein against the defendant, as prayed for by plaintiff. It is therefore ordered, adjudged and decreed by the court that, pending a final determination of this cause, the defendant, E. H. Gray, be, and he hereby is, temporarily enjoined, etc." The issuance of the temporary writ was conditioned on plaintiff filing a good and sufficient bond in the sum of $500, which was executed and filed and the writ accordingly issued, from which this appeal is prosecuted.

The only question presented is: Did the trial court abuse its discretion in granting the temporary writ? We do not think so. The record is before us without a statement of facts, the bond required appears to be sufficient in amount to protect defendant against any loss he may sustain during the life of the temporary writ, if improvidently issued, and, in other respects, we fail to find any evidence justifying the conclusion that the court abused its discretion in granting the writ; hence without more ado, we affirm the order of the court below.

### TEXAS EMPLOYERS' INS. ASS'N v. HOEHN et al.
### No. 2988.

Court of Civil Appeals of Texas. El Paso. May 17, 1934.

Rehearing Denied June 7, 1934.

Lea & Edwards, of El Paso, for appellant.

James A. King and Edwin R. York, both of Austin, and Harrison, Scott & Rasberry, of El Paso, for appellees.

PELPHREY, Chief Justice.

This case was before this court on a prior appeal, 20 S.W.(2d) 263, and reference is here made to that decision for a statement of the nature and result of that suit.

After we had reversed the judgment of the trial court and rendered judgment dismissing Mrs. Hoehn's suit because her claim had been filed too late, she filed on May 20, 1930, with the Accident Board, another claim. The Industrial Accident Board again awarded Mrs. Hoehn full compensation. Upon appeal the Forty-First district court set aside said award, which judgment we affirmed, 42 S.W. (2d) 266.

On January 5, 1933, and after the latter decision, Mrs. Hoehn, as next friend of Elmer, Phillip, Frederick, and Ernest Hoehn, surviving brothers of Edward Hoehn, filed the following claim:

"Form 5.            Employers' Liability Act.
"Claim for Compensation for Death
"Industrial Accident Board
"Austin, Texas.

"Note: This claim should be made out in duplicate, one copy thereof should be mailed to the Industrial Accident Board and the other copy should be delivered to the Employer or the Insurance Company or Association carrying his insurance.

"This is to notify you Texas Employers' Insurance Association (Name of employer or association or company with which employee is insured) that I claim compensation from you under the Employers' Liability Act of Texas on account of the death of Edward Hoehn on the 8th day of November, 1926, which resulted from injuries sustained on the 8th day of November, 1926, while in employ of Joe Gerrick & Company (Name of employer) El Paso, Texas, (City or town). The place of injury was a few feet across Texas Line in New Mexico near El Paso (State name or description of building or place) while working on Old Southwestern Railway trestle near Smelter. (Describe cause of injury.)

Name and P. O. Address of witnesses in support of claim: H. W. Morris, 1024 N. Orange st., El Paso, J. A. Van Deveere, Travelers Hotel, El Paso, Joe Gerrick, Call Bldg., San Francisco, Cal.

"Give names and P. O. Address of the Beneficiaries of the deceased (stating the kinship of each such Beneficiary to the deceased): Elmer Hoehn, Phillip Hoehn, Frederick Hoehn and Earnest Hoehn, all minor brothers and sisters and Mrs. Marie Hoehn, mother. Which of the legal Beneficiaries above named are Minors? State ages ....... Length of time employed in same employment previous to date of injury—few days on this job. (Years, months or days.) Wages of deceased employee on date of injury were $6.00 per day. (Day, week or month.) Deceased was employed ——— (State whether 6 or 7 days) per week.

"This claim for compensation with respect to such injury and because of the death of deceased, is made in behalf of and for each and all of the legal beneficiaries of the deceased, as well as by and for the undersigned, he herein acting for himself and such legal beneficiaries. Elmer Hoehn, Phillip Hoehn, Frederick Hoehn and Earnest Hoehn, by next friend, Mrs. Marie Hoehn, Mother, by E. R. York, James A. King, Attorneys. [Stamp]: 'Industrial Accident Board, State of Texas, Received Jan. 5–1933.' Dated this 2nd day of January, 1933.

"Note: If it is claimed that the injury was caused through the violation, by the employer, of any statute enacted for the safety of the employees, contributed to the injury or death of such employee, it is requested that it be stated in this claim for compensation.

"Note: Section 4a, Part II, Employers Liability Act—Unless the association or subscriber have notice of the injury, no proceedings for compensation for injury under this Act shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty (30) days after the happening thereof and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same, or, in case of death of the employee or in the event of his physical or mental incapacity within six (6) months after the death or the removal of such physical or mental incapacity. Provided, that for good cause the board may in meritorious cases waive the strict compliance with the foregoing limitations as to notice and the filing of the claim before the board."

The Industrial Accident Board awarded

the surviving brothers compensation at the rate of $10 per week for 360 weeks. Appellant in due time appealed to the Forty-First district court to set aside the award.

The cause was submitted upon special issues and the findings of the jury thereon were: That the age of the surviving brothers was such as to be a good cause for their failure to file their claim before the Industrial Accident Board prior to January 5, 1933; that their age presented a meritorious case of good cause for not filing their claim prior to said date; that they, between the 8th day of November, 1926, and the 5th day of January, 1933, prosecuted their claim with that degree of diligence which persons of their ages, intelligence, and experience, situated as they were situated, would have exercised under the same or similar circumstances; that they, as brothers of deceased, taking into consideration their condition and circumstances in life, were dependent wholly or in part upon the labor of deceased for support, at the time of his death; that a manifest hardship and injustice would result if lump-sum settlement be not made; and that the deceased was hired in El Paso county, Tex.

Upon these findings judgment was rendered in favor of Elmer Hoehn, who had reached his majority, in favor of Marie Hoehn, as next friend, of Phillip Hoehn, Frederick Hoehn, and Ernest Hoehn, and in favor of York & King, attorneys. This appeal has been prosecuted from that judgment.

### Opinion.

Appellant contends that it was entitled to an instructed verdict because prior actions of the board and of the courts is res judicata in bar of the present suit; because the claim filed January 5, 1933, was, as a matter of law, filed too late; and the record showing that deceased was killed in New Mexico, that he was not hired in Texas, and appellant, not being the insurance carrier in New Mexico, would not be liable.

There is a sharp division of opinion as to where the hiring of deceased occurred.

Appellees attempt to bring themselves within the provisions of our compensation statutes by virtue of section 19 of article 8306, reading: "If an employee who has been hired in this State sustained injury in the course of his employment he shall be entitled to compensation according to the law of this State, even though such injury was received outside of the State."

It will readily be seen from the above that the question as to where deceased was hired becomes a very important one on this appeal.

Upon the former appeal this court, speaking through Justice Higgins, expressly refused to pass upon the question.

Appellant's counsel contend that the contract of employment was consummated in Phœnix, Ariz., and counsel for appellees contend with equal earnestness that it was consummated in El Paso, Tex.

The facts relative to this question appearing in the record are: That deceased had been employed by Joe Gerrick & Co. as an experienced apprentice on different jobs in different locations; that on September 2, 1926, he, then being out of work, wrote from Phœnix, Ariz., to Joe Gerrick & Co. at San Francisco, Cal., the following letter: "Dear Mr. Gerrick: I heard that you got the job in El Paso, and I would like to know when you will start down there, I am out of a job now and would like to work for you again as soon as you start. So if you can use me down there send a card or letter and let me know when the job will start." Joe Gerrick replied to the letter as follows: "Dear Sir: We start our work at El Paso sometime between the 5th and 15th of October, and I will drop you a line when I will need you." That between the time he received Joe Gerrick's reply and the time Joe Gerrick & Co. began work on the Southern Pacific bridge near El Paso, he made a trip from Phœnix to El Paso, but finding that the work had not commenced, returned to Phœnix; that shortly after deceased's trip to El Paso, Joe Gerrick arrived there and within a few days after his arrival secured a pass from the Southern Pacific Company for deceased and mailed it to him at Phœnix, Ariz., with a letter reading: "Come to El Paso. The job is ready." And that deceased used the pass, came to El Paso, and began work in the same capacity in which he had previously worked for Joe Gerrick & Co.

It is agreed by the parties that deceased's wages were determined by the scale of the International Bridge Workers' Association and that he went to work with all assuming that he would get the scale, there being no express agreement relative thereto.

■ Appellant, from these facts, contends that the contract was completed when deceased used the pass sent him by Joe Gerrick, and that the hiring took place in Arizona, while appellees argue that Joe Gerrick did not accept deceased's offer made in his letter of September 2, 1926, until he sent the pass, and that his sending the pass constitut-

ed an acceptance of deceased's continuing offer and thereby completed the contract in Texas.

We are not in accord with either of these positions. We have reached the conclusion that the contract was completed when Joe Gerrick deposited his letter in the mail at San Francisco, Cal.

It appears from the letter written by deceased on September 2, 1926, that he offered his services to Joe Gerrick & Co. on the job at El Paso. In connection with his offer he requested that an acceptance be made by either card or letter letting him know when work would start. Joe Gerrick, replying by letter, said the work would start between October 5th and 15th, and advised deceased that he would drop him a line when he needed' him.

Deceased had worked for Joe Gerrick & Co. before, his wages were fixed by the union to which he belonged, and consequently there was nothing for the minds of the parties to meet upon except the question of whether Joe Gerrick & Co. wanted deceased to work for them on the El Paso job.

A reading of Joe Gerrick's letter will leave no doubt that they desired his services and the letter, we think, so advised him, and constituted an acceptance of his offer. If we be correct in this, then the contract of employment was completed in California and therefore deceased was not hired in Texas.

If, as argued by both parties, Joe Gerrick's letter did not constitute an acceptance then it follows, we think, that it constituted a rejection, and we cannot agree with appellees that the sending of the pass by Joe Gerrick was an acceptance of deceased's offer and that it was a continuing one in spite of the fact that Gerrick had communicated with deceased relative to his offer and had not accepted.

Conceding that the two letters constituted merely negotiations, then we must conclude that the letter from Joe Gerrick to deceased with the pass inclosed constituted an offer to employ him and that he accepted same when he boarded the train in Phœnix. Under either theory the hiring did not take place in Texas, and section 19, of article 8306, does not apply.

Appellees, however, further contend that it should be considered that the contract was made in El Paso because it contemplated a performance there. This contention must be overruled. The record reveals that part of the work being done by Joe Gerrick &

Co. was to be performed in Texas and part in New Mexico. That Joe Gerrick & Co. knew this fact is evidenced by the taking out of insurance on its employees in both states. Knowing that part of the work was to be done in New Mexico, it cannot be said that Gerrick & Co. contemplated that all the work deceased was to do was to be done in Texas.

This conclusion makes it unnecessary to discuss the remaining questions presented.

In accordance with the above holding, the judgment of the trial court must be reversed, and judgment here rendered that appellees take nothing, and it is so ordered.