THE TRAVELERS INSURANCE COMPANY V. E. (ELBERT) CASON.

Application No. 23,936. Decided February 8, 1939.
(124 S. W., 2d. Series, 321.)

*Pinkney Grissom, Thompson, Knight, Baker, Harris & Wright,* of Dallas, for plaintiff in error.

*White & Yarbrough,* of Dallas, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This appeal is before us on application for writ of error. It involves the proper construction to be given what is generally designated as the extraterritorial portion of our Workmen's Compensation Law, and the application of the facts of this case to such law. The statute in question is (Sec. 1) of Section 19 of Article 8306, R. C. S. 1925, as amended. The portion of such statute that is pertinent here reads as follows:

"Sec. 19. (Sec. 1) If an employee, who has been hired in this State, sustains injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5-5a, shall be brought either

\* \* \* \* \*

Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

In deference to the verdict and judgment in the trial court, we must conclude that the pertinent facts of this case are as follows:

E. Cason was injured on or about October 29, 1936, in the course of his employment as an employee of J. Lee & E. A. Vilbig, Inc. Such injury occurred in the State of Virginia. Travelers Insurance Company was Vilbig's Texas compensation insurance carrier. It is not claimed that Cason has collected any compensation under the compensation laws of Virginia.

As to Cason's employment, the record, boiled down, shows the following facts: That Vilbig had in its employ E. Cason, defendant in error here; that Cason had been an employee of Vilbig most of the time for several years prior to May, 1936;

that in May, 1936, Cason was an employee of Vilbig, working as a common laborer on a road job in Rusk County, Texas; that while Cason was thus employed Vilbig asked him to go to the State of Virginia, where it had another road contract; that Cason agreed to go; that Vilbig gave Cason expense money to make the trip; that Cason went to Virginia and reported for duty; that Cason was given a job in Virginia as dump foreman; that this was not the same kind of work he was doing in Texas; that after working in Virginia a short time Cason was promoted to a better job—that of shovel foreman; that both jobs in Virginia paid better wages than the job Cason had in Texas; that while working as shovel foreman in Virginia Cason was injured; and that such injury was received less than a year after Cason went to work in Virginia. The facts further show that Cason's employment in Texas was from week to week. In fact, we assume that Vilbig could have discharged him at any time it saw fit. Also, we assume that Cason's employment in Virginia was from week to week, with the right on the part of Vilbig to discharge him at any time. We understand that Cason's pay for work in Texas stopped when he ceased to work here, and that his pay in Virginia did not start until he actually went to work there. There was no connection between the job in Virginia and the job Vilbig had in Texas. Both jobs, however, involved road construction. It took more than a year for the work in Virginia to be completed. At the time of this trial Cason was at work for Vilbig on the Virginia job. That was more than a year after Cason went to work in Virginia. Cason received his injury at a time less than a year after he left Texas and went to work in Virginia.

In our opinion, the above facts entitled Cason to claim compensation under the above-quoted compensation statute. Texas Employers' Insurance Assn. v. Volek (Com. App.), 44 S. W. (2d) 795. Affirmed in 69 S. W. (2d) 33 (Com. App.) In our opinion, the facts in this case bring it directly under the rule announced in the Volek Case, supra.

Counsel for plaintiff in error earnestly contend that under the rule announced in Texas Employers' Insurance Assn. v. James, 131 Texas 605, 118 S. W. (2d) 293, Cason does not come under the above-quoted Texas compensation statute. After a careful examination of the opinion in the James Case, we have reached the conclusion that it is in conflict with the Volek Case. We therefore here and now overrule the holding in the James Case, and reaffirm the holding in the Volek Case.

We think it is proper for us to here state that in our opinion we entered a correct judgment in the James Case, because, under the undisputed facts of that case, James elected to claim compensation under the compensation laws of Pennsylvania, and settled in full with the Pennsylvania compensation insurance carrier under, and in compliance with, the laws of that state.

It is true that our compensation statute, at the time involved in the James Case, read: "elected to pursue his remedy and recovers in the courts of the state where such injury occurred." It is also true that James did not file suit in Pennsylvania. In spite of the letter of the above statute, we are convinced that it was its purpose and intent to prohibit an employee injured out of this State from claiming and receiving compensation in this State, if he had claimed and received compensation under the laws of the foreign state in which he was injured.

We have fully examined the other assignments of error presented by this application, and in our opinion none of them presents reversible error.

It is ordered that this application for writ of error be refused.

Opinion delivered February 8, 1939.