## TEXAS EMPLOYERS' INS. ASS'N v. ROBERTSON et al.

### No. 12838.

Court of Civil Appeals of Texas. Dallas.

Jan. 27, 1940.

Rehearing Denied March 2, 1940.

Lawther, Cramer, Perry & Johnson, of Dallas, for plaintiff in error.

Burford, Ryburn, Hincks & Charlton, Logan Ford, and Hamilton, Lipscomb, Wood & Swift, all of Dallas, for defendants in error.

BOND, Chief Justice.

This appeal involves the application of the facts to the extraterritorial provisions of the Texas Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306, § 19), providing compensation for injury or death of a Texas employe, hired in Texas, whose injuries or death occur outside of Texas within one year from the date such employe left the state, and while in the course of his employment.

The evidence is undisputed, raising no controversial issue for the determination of the jury. The trial court, recognizing the probative force of the evidence, overruled plaintiff in error's motion for instructed verdict, and sustained a like motion for defendants in error, accordingly entered the judgment; hence this appeal. For convenience, we will refer to plaintiff in error as plaintiff and, to defendants in error, as defendants.

Plaintiff assigns error for reversal, "(1) Because the court erred in refusing to sustain the motion for an instructed verdict made by the plaintiff, Texas Employers' Insurance Association, at the con-

clusion of all the testimony."; and "(2) Because the court erred in sustaining the motion for instructed verdict of the defendants herein". Obviously, the assignments do not present fundamental error—error apparent on the face of the record. An assignment of error which requires of the reviewing court an examination of the entire statement of facts is not that error apparent of record, which the court is required to consider. Ford & Damon v. Flewellen, Tex.Com.App., 276 S.W. 903; Needham v. Cooney, Tex.Civ.App., 173 S.W. 979, writ refused; Blackmon v. Trail, Tex.Com.App., 12 S.W.2d 967; 3rd Tex. Jur. p. 816, sec. 574, and supporting authorities. However, in deference to the briefs filed, detailing the uncontroverted evidence as the basis for the action of the trial court, thus relieving this court of the burden of going over the entire statement of facts to determine whether or not a fundamental error has been committed, we feel justified in considering the assignments.

■ The pertinent facts of this case are, as follows: On October 9, 1937, Garland Robertson was killed in an automobile accident in the State of Michigan, while in the course of his employment as an employe of Texas Farm & Ranch Publishing Company, a Texas corporation with its place of business at Dallas, Texas. The Texas Employers' Insurance Association was the employer's compensation carrier, and issued a Texas standard policy covering injury or death, under the terms and conditions of the Workmen's Compensation Employers' Liability Law, expressing, among its provisions, liability for such injury and death of the insured's employes, sustained in the course of their employment, and from all operations necessary, incident, or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in the policy or elsewhere in connection with, or in relation to, such work places. The provisions of the law, limiting liability to injuries occurring one year from the date the employe leaves the state, and where the employe elects to pursue a remedy and recover for such injuries in the state where such injury occurred, must be read into the compensation policy and be considered as a part thereof.

■ As to Robertson's employment, the record, abridged, shows that the Texas Farm & Ranch Publishing Company, in May, 1929, employed Garland Robertson as an advertising solicitor, to sell advertising space in Holland's Magazine, a publication of the Texas Farm & Ranch Publishing Company. Robertson's residence and place of operation were in Texas, and the territory assigned to him, in the states of Ohio, Michigan and Indiana, where products handled by Texas retailers are manufactured. To familiarize himself with the duties to be performed, Robertson, immediately on his employment, went through a course of training, preparatory work, in the State of Texas; and, thereafter, was sent to Detroit, Mich., and other places, to contact heads of firms and to interest them in his employer's advertising medium, depicting scope and value of their products handled in Texas. When he and his first wife, Corrie Jean Robertson, mother of minor defendant, Barbara Jean Robertson, left Texas in May, 1929, they retained their homestead and household furnishings in Texas intending to return to Texas. His contract of employment, made in Texas, was verbal, and terminable at will by the employer. His salary of $100 per week was paid by check issued by his employer in Texas. His traveling expenses in and out of Texas were paid by his employer, but he sustained his local expenses when living out of the state. Robertson's contract required him to submit to his employer, all prospective advertising contracts for approval by its corporate officers in Texas, and, for himself, to return to Texas at intervals, preparatory to a better understanding of the needs of Texas concerns, and be better fitted to contact heads of firms in the northern states. Robertson was brought back to Texas by his employer in the fall of 1936 (as had been done many times prior thereto since the first of his employment in 1929), to attend sales meetings, make business surveys in various sections of Texas, and assay the needs and wants of the retail merchants handling goods of manufacturers located in the designated states comprising his territory. He remained in Texas three or four weeks (in November and December, 1936), doing necessary work under the direction of his employer and in the course of his employment; and then (well within one year after leaving Texas) in October, 1937, he was accidentally killed in the State of Michigan. It is conceded that the defendants, beneficiaries under the policy,

did not elect to pursue any remedy and recovery in the state where the deceased was killed, and it is uncontroverted that deceased was killed in the course ·of his employment as an employe of the Farm & Ranch Publishing Company of Dallas, Texas.

The facts in this case are much stronger in favor of the judgment rendered, than those related in Travelers Ins. Co. v. Cason, 132 Tex. 393, 124 S.W.2d 321; decided by our Supreme Court since this case has been here on appeal, and in which the court expressly overruled its holding in the James case, Texas Employers Ins. Ass'n v. James, 131 Tex. 605, 118 S.W.2d 293, relied on by plaintiff. In Travelers-Cason case, the Supreme Court gave a proper construction to the extraterritorial portion of our Workmen's Compensation Law, and the application of the facts of that case to such law, deciding that the employe's injuries, occurring outside the State of Texas, were compensable under the provision of the statute. Thus, in the light of the holdings of our Supreme Court, we deem it unnecessary to extend discussion in this opinion, ·merely concluding that defendants are entitled to the compensation allowed, and the trial court did not err in respect to the assignment directed to the action of the trial court in giving and refusing the respective motions for instructed verdicts, and entering judgment for the defendants for 360 weeks' compensation, at $20 per week.

We have fully examined the two other assignments; neither presents reversible error, and they are overruled. The judgment of the trial court is affirmed.

Affirmed.