## EMPLOYERS MUT. LIABILITY INS. CO. OF WIS. v. EVINS.

No. 2802.

Court of Civil Appeals of Texas. Waco.

May 6, 1948.

Rehearing Denied May 20, 1948.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Taylor & McWilliams and Roe & Ralston, all of Corsicana, for appellee.

HALE, Justice.

This is a workmen's compensation case arising under the provisions of Arts. 8306–8309a of Vernon's Tex.Civ.Stats. Appellant, the compensation insurer, filed the suit in the District Court of Navarro County, seeking to set aside an award made by the Industrial Accident Board of Texas to appellee on account of the death of her son which resulted from accidental injuries sustained by him within the State of West Virginia while acting in the course of his employment. Appellee answered with a cross-action, seeking recovery of death benefits under the Texas Act. Trial before the court below without a jury resulted in judgment for appellee. Appellant says the judgment should be reversed because the deceased workman was not covered at the time and place of his injuries under what is known as the extra-territorial clause of the Texas Workmen's Compensation Law.

Art. 8306, Sec. 19, of Vernon's Tex.Civ. Stats., relating to extraterritoriality, reads as follows: "If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the Association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5–5a, shall be brought either * * * (in a, b or c county, as therein specified). Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

In construing the foregoing statutory provisions, the Texas courts have held that before an employee who is injured outside the territorial limits of this state can recover for such injury under the compensation statutes of Texas, he must

prove that, at the time of such injury, he occupied the status of a Texas employee incidentally or temporarily sent out of the state to perform labor or services. Texas Employers Ins. Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33; Fidelity and Casualty Co. of N. Y. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590. Therefore, the controlling issue here presented for our decision narrows down to this question: Under the facts of this case, did the deceased workman, at the time of his fatal injuries, occupy the status of a Texas employee incidentally or temporarily sent out of this state to perform labor or services? If so, the judgment of the court below should be affirmed; if not, the judgment should be reversed and judgment should be here rendered in favor of appellant.

It was shown that J. H. Bowman, a resident of Pennsylvania, doing business as Hunt Construction Co. at all times material to this suit, became a subscriber to the Texas Workmen's Compensation Act on December 10, 1945, by taking out a policy of compensation insurance on that date with appellant covering his employees under the Texas Act, said policy having been continued in full force and effect for a period of one year from the date of its issuance. While engaged in construction work at Corsicana, in Navarro County, Texas, Bowman there entered into a verbal contract of hire with Frank Evins on June 24, 1946, by the terms of which the latter became an employee of the former within the meaning of the Texas Act. Evins continued in the service of Bowman at Corsicana until the completion of that job on August 3, 1946. Before the completion of the Corsicana job, Bowman offered employment to Evins of a similar nature to the work upon which he was then engaged, such work to be performed in the State of Pennsylvania, and the employee was requested to report for duty in the latter state. Having agreed to do so, Evins left Texas and went to Pennsylvania at his own expense in order to continue in the employment of Bowman. He reported for duty at Johnstown, Pennsylvania, on August 7, 1946, where he was assigned to work of a similar grade and nature as that to which he had been assigned at Corsicana, Texas. He worked for Bowman at Johnstown from August 7th to August 9th and at Easton, Pennsylvania, from August 11th to August 30th. He was then sent by his employer to Wierton, West Virginia, where he worked in similar employment from September 3rd until the time of his death on September 4, 1946. For the services so rendered from June 24th to September 4th of 1946 the employee was paid an hourly wage by the employer.

After completion of the Corsicana job Bowman had no further pending work to be done in this state. He had no office in Texas and no immediate prospect of securing any further contract or business to be performed or transacted within this state, although he was engaged in construction work throughout the United States generally and would have returned to Texas for further work if he had been offered what he might have regarded as a profitable contract. Evins knew that Bowman's work was transient in nature and, as expressly found by the trial court, when he left Texas after the completion of his employer's job in Corsicana he had no reasonable expectation of returning to Texas within a period of one year as an employee of Bowman.

Appellant argues, among other things, that since the deceased workman in this case had no reasonable expectation of returning to Texas within a period of one year as an employee of Bowman, he was not a Texas employee within the meaning of Art. 8306, Sec. 19, of Vernon's Tex. Civ.Stats., or, if so, that he was not incidentally or temporarily out of the state at the time he sustained his fatal injuries. Such argument seems to be in harmony with the holding in the case of Texas Employers Ins. Ass'n v. James, 131 Tex. 605, 118 S.W.2d 293. However, the opinion in the James case appears to be in irreconcilable conflict with prior holdings in the case of Texas Employers Ins. Ass'n v. Volek, Tex.Civ.App., 44 S.W.2d 795; Id., Tex.Com.App., 69 S.W.2d 33. In the later case of Travelers Ins. Co. v. Cason, 132 Tex. 393, 124 S.W.2d 321, 322, the Su-

preme Court said: "After a careful examination of the opinion in the James case, we have reached the conclusion that it is in conflict with the Volek case. We therefore here and now overrule the holding in the James case, and reaffirm the holding in the Volek case."

■ The Texas Workmen's Compensation Act is a special law relating to a special subject. While the rights and remedies therein provided for are measured strictly by its terms, it should be liberally construed in order to effectuate the beneficent purposes for which it was enacted. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Gilley v. Aetna Life Ins. Co., Tex.Com.App., 35 S.W.2d 136. It contemplates two related agreements, each bilateral in nature, to be entered into between a minimum of three separate parties, viz.: a contract of insurance between the employer and the compensation insurer and a contract of hire, express or implied, between the employer and the injured workman. All the provisions of the Act become a part of all tri-partite agreements entered into thereunder by employers, compensation insurers and workmen, respectively. Southern Casualty Co. v. Morgan, Tex.Com.App., 12 S.W.2d 200, pts. 1 and 2; Anderson-Berney Realty Co. v. Soria, 123 Tex. 100, 67 S.W.2d 222.

■ There can be no doubt that Evins occupied the status of a Texas employee, covered under appellant's policy of insurance, while working for Bowman on the Corsicana job. Did he lose that status or coverage when he left Texas under the circumstances here shown? We think not.

The contract of insurance between Bowman and appellant continued in full force and effect without any change whatsoever until December 10, 1946. It is immaterial whether appellant did or did not actually collect any premium under its policy based upon Bowman's payroll to Evins in Pennsylvania or in West Virginia. Upon the completion of his Corsicana job, Bowman could have terminated his status as a subscriber to the Texas Act and further premium liability to appellant under his insurance contract by complying with the terms of Art. 8309, Sec. 3 of Vernon's

Tex.Civ.Stats. This he failed to do. It is also immaterial in this case, we think, whether Evins was or was not covered under the terms of either the Pennsylvania or West Virginia compensation acts at the time he sustained his injuries. The extraterritorial clause of the Texas Act apparently recognizes that a Texas employee who is injured outside the territorial limits of this state might also be covered under the laws of the state in which he is injured, because it expressly provides that: "no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

■ We are also of the opinion that there was in legal contemplation a continuity in the contract of hire existing between Bowman and Evins at all times from June 24th to and including September 4th, 1946. The initial contract of employment was based upon an agreed sum of money to be paid by Bowman to Evins for each hour of a specified service to be rendered by the latter for the former. Each had the right to terminate the contract of hire at any time either saw fit to do so. Neither of the parties elected to terminate such contract, but by agreement between them the same was continued until terminated by the death of Evins, the only modification thereof being with respect to the places where such specified services were to be rendered and the amount of the hourly compensation to be paid therefor. In our opinion these modifications in the continuing contractual relationship so existing between such parties did not constitute a novation. T, J. Vol. 31, p. 386, Sec. 4 and authorities.

Since there had been no termination or novation of the Texas agreements theretofore entered into between Bowman and appellant on the one hand or between Bowman and Evins on the other hand, we have concluded under the entire record before us that Evins occupied the status of a Texas employee at the time when he sustained his fatal injuries and as such he had been only incidentally or temporarily sent out of Texas and into the state of West Virginia there to perform labor, within the purview and meaning of the Texas Work-

men's Compensation Law. Schneider's Workmen's Compensation Text, Third Edition, Vol. I, Chap. 5; Texas Employers Ins. Ass'n v. Volek, Tex.Civ.App., 44 S.W. 2d 795; Id., Tex.Com.App., 69 S.W.2d 33, certiorari denied 293 U.S. 598, 55 S.Ct. 116, 79 L.Ed. 691; Travelers Ins. Co. v. Cason, Tex.Civ.App., 122 S.W.2d 694, error refused 132 Tex. 393, 124 S.W.2d 321; Fidelity & Casualty Co. of N. Y. v. McLaughlin, Tex.Civ.App., 106 S.W.2d 815, affirmed 134 Tex. 613, 135 S.W.2d 955; Gulf Casualty Co. v. Fields, Tex.Civ.App., 107 S.W.2d 661, pt. 5, error dismissed; Aetna Casualty & Surety Co. v. Dixon, Tex.Civ.App., 145 S.W.2d 620, error refused; Texas Indemnity Ins. Co. v. Henson, Tex.Civ.App., 172 S.W.2d 113, pt. 1, error refused.

Therefore, the judgment of the trial court is affirmed.