**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

v.

**Mrs. Sadie J. COLLINS et al., Appellees.**

No. 13351.

Court of Civil Appeals of Texas.

Houston.

Jan. 29, 1959.

Rehearing Denied Feb. 19, 1959.

Butler, Binion, Rice & Cook, Charles C. Crenshaw, Jr., Houston, for appellant.

Frank Abraham, Houston, Hill, Brown, Kronzer & Abraham, Houston, of counsel, for appellees.

WERLEIN, Justice.

This is a workmen's compensation case brought by appellees, Mrs. Sadie J. Collins, the surviving wife of Bill B. Collins, deceased, individually and as next friend for her minor children, against appellant, Traders & General Insurance Company, to set aside an award of the Industrial Accident Board of Texas and to recover compensation for the death of Collins, who died as the result of an accident in the State of Oklahoma while in the course of his employment by Standco Brake Lining Company, sometimes called Standco herein. From the judgment of the trial court in favor of appellees, appellant has perfected its appeal.

Appellant asserts in its First Point of Error that the trial court erred in holding as a matter of law that the deceased

was a Texas employee within the meaning of Article 8306, Sec. 19, Revised Civil Statutes of Texas, 1925, Vernon's Ann. Civ.St. art. 8306, § 19, contending that the undisputed evidence showed that he was an Oklahoma employee; and, in its Second Point of Error, that the undisputed evidence conclusively showed the deceased received his fatal injuries more than a year after he left the State of Texas.

Said Article 8306, Sec. 19, reads in part:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas. * * *

*    *    *    *    *    *

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

The case was tried partly to the court and partly to a jury. To issues submitted, the jury found facts which warranted recovery by appellees, provided the deceased was a Texas employee at the time of his death. In a caveat to the judgment filed in the trial court the parties agreed that the question of extra-territorial coverage under the Workmen's Compensation Act was a question of law for the court and that there would be no presumptions of fact findings indulged in under Rule 279, Texas Rules of Civil Procedure, and that the entire record would be relied upon by both parties.

To a request for admissions, the appellant admitted that on December 13, 1956, the date of the injury and death, it had in full force and effect a compensation insurance policy covering the employees of Standco under the Workmen's Compensation Law of Texas; that at such time the deceased was an employee of said company and died on said date from injuries received in an automobile accident; that Collins' contract of employment was made and executed in Houston, Texas; that most of the volume of sales in the district assigned to Collins was in the western part of Texas; that Collins spent over half of his time in the western part of Texas; that he made periodic trips to the offices of his employer in Houston in connection with his employment, and made periodic reports to his employer in Houston, and reported to his employer's offices in Houston personally in connection with his employment within the year prior to his death; that he spent approximately 75% of his time working for Standco within the State of Texas, and at the time of his death he was operating an automobile furnished him by his employer. It was further admitted that the deceased Collins talked over the telephone approximately twice a month to his superiors in Houston; that he did for Standco while in Oklahoma the same type of work that he did in the States of Texas, New Mexico and Kansas; that he was paid checks issued by his employer in Houston; that his travelling expenses were paid by his employer, and that his employer was not covered by workmen's compensation under the Workmen's Compensation Act of Oklahoma, 85 O.S.1951, § 1 et seq.

Mrs. Collins testified that her husband was first employed as a salesman by Standco in Houston, Texas, in May of 1954, with west Texas as his district; that he was gone from home on the initial trip for three weeks, spending several days in Houston and then swinging out through west Texas; that he always kept the west Texas district but about a year after

being employed he was given additional territory consisting of north Texas, Oklahoma, Kansas and part of New Mexico; that about a year before his death he had been made "District Sales Manager" with his territory the same as it had been; that he spent about 15 or 20% of his time outside of Texas and the great majority of his time in the State of Texas; that Standco did not have an office in Oklahoma and that her husband worked out of the Home Office of the company in Houston, which was the only office he had; that he kept in contact with the Houston office and kept in constant touch with his immediate superior, Mr. Dunn; that he sent in weekly expense reports and daily reports stating where he had been and the people he had talked to, and that he came to Houston three or four times a year on business of the company, and for sales meetings and conventions at the Home Office; that he continued to return on such trips to Houston during the year before his death; that he was paid by check by his employer issued in Houston twice a month; that she could never recall him working in Oklahoma as long as a month at any one time during his employment with the company; that though they lived in Tulsa, he did his business through Houston; that he talked to Mr. Dunn, his superior, at least twice a month and that in a three months' period she estimated that her husband would spend all of his time working in Texas except for a week or two in which his work would carry him out of the State of Texas.

Appellant undertook to contradict Mrs. Collins by use of a deposition she had given in which she testified that her husband's district encompassed west Texas, north Texas, Oklahoma and part of Kansas. Mrs. Collins explained that she was referring to the time of the death of her husband after his territory had been enlarged, and was not referring to the initial employment. We find that there is no substantial contradiction in her testimony. Certain it is that immediately after Collins was hired at Houston he worked in the western part of Texas where he was hired to work for approximately three weeks before he returned to his home in Tulsa.

Mr. J. M. Dunn, Vice President of Standco, was the man who employed Collins at Houston on May 1, 1954, and the deceased worked directly under and reported to him. Dunn testified that Collins was hired to work west Texas and Wichita Falls (which was classified as north Texas), and that he spent the greater part of his time working out of Wichita Falls and out of Odessa, covering that part of the State. He testified that Collins' job was to contact tool pushers on rigs, drilling superintendents and rig owners and create a demand for the Standco products. He testified that when Collins had occasion to go out of the State it would be to contact a customer who was having some trouble with brake blocks, and that Collins was very capable of handling that work because of his previous experience. He testified that Collins would usually go out of the State on instances of that kind and that he would send him to some specific area outside of the State. He further testified:

"There has been a statement made by someone in the past couple of days that the territory consisted of West Texas, New Mexico, Kansas and Oklahoma. That statement could be and probably was very misleading because his specific territory as specified by me, who is the person who hired Mr. Collins, was West Texas and North Texas.

"* * * There was also some evidence introduced that he made quite a number of trips to Kansas. I checked that several months back, and as near as I could find, Bill Collins only made two trips to Kansas during his scope of employment with us, and that was only for a very short time there—a couple of days each time."

The witness was then asked by the court, "Were those sales trips or trouble shooting trips?" to which the witness answered: "Those were trouble shooting trips."

On cross-examination the appellant interrogated Mr. Dunn with respect to a written statement he had given in which he had stated that Collins was employed as a salesman and that his territory was west Texas and the entire states of Oklahoma and Kansas. The witness testified that such statement was not intended "to be interpreted that he was assigned to west Texas, Oklahoma, New Mexico or Kansas, or whatever is down here. That is not the intention at all. Because I could have included several other states in there, if I had given him specific instructions to go into those states on some complaint." He further testified that he had talked with the deceased at least a couple of times a week and there would be times in which they would talk every day over the telephone during a 30-day period, and that they had talked within three days of the accident. He testified that the company had no offices in Oklahoma, and that the deceased would report the results that he obtained by going out on a complaint, and also report different customers he had contacted, and would furnish the information which was requested of him; that Collins did not solicit business in Oklahoma, Kansas and New Mexico in the same manner and under the same instructions that he solicited business in west and north Texas.

It was stipulated between the parties that the premium paid by Standco to appellant for a workmen's compensation insurance policy were computed on salaries that included the entire salary of the deceased and that Mrs. Collins and her minor children made no claim or election to proceed under the Oklahoma law and made no claim for workmen's compensation benefits in Oklahoma.

The testimony of the witnesses, coupled with the admissions made by appellant clearly show that Mr. Collins was hired in Texas, with his specific territory west Texas and north Texas, and that the great majority of his work was done in Texas, although he also worked for his employer mainly as a trouble shooter in Oklahoma, Kansas and New Mexico. He worked in close contact with the Home Office in Houston, Texas, where his activities were directed and supervised and where he had been a few weeks before his death.

■ Appellant apparently takes the position that since the deceased lived in Tulsa, Oklahoma, Tulsa was the base of his operations. The matter of his residence is not in any manner controlling. See Texas Employers' Ins. Ass'n v. Robertson, Tex.Civ. App., 137 S.W.2d 836, error dism., judgment correct, and Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955. The test is: "What was the status of the employee at the time of injury with regard to being a Texas employee?" Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, 592. It was only natural for Collins to spend weekends with his family in Tulsa when he had an opportunity to do so. His base of operations was Houston where he was hired, from whence he received instructions and directions, where he made or sent his reports, where his checks were issued and his salary paid, where he attended meetings of the company periodically, where he reported the work done and the contacts made by him and received instructions where to go and what to do. Appellant contends that the deceased made periodic trips to Texas rather than periodic trips to the other states, although he did 75% of his work in Texas. We cannot agree. The great majority of his work was in Texas and at first all of his work was in Texas. According to his wife's testimony he was sent as a trouble shooter to the other states or was assigned work in such other states and finally given the title of "District Sales Manager," although according to Mr. Dunn his district was never other than north and west Texas.

In Texas Employers' Insurance Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33, cer-

tiorari denied 293 U.S. 598, 55 S.Ct. 116, 79 L.Ed. 691, the employee worked only one day in Texas preparatory to moving a drilling rig to Louisiana. He was later injured in Louisiana while working on a well. The court held that he was a Texas employee prior to leaving the State and that he retained his status as such.

In Fidelity & Casualty Co. of New York v. McLaughlin, supra, a Louisiana resident was employed in Houston, Texas. He worked in Houston approximately one hour and 15 minutes prior to being transferred to Louisiana where he was injured. He was held to be a Texas employee.

In Employers Mut. Liability Ins. Co. of Wis. v. Evins, Tex.Civ.App., 211 S.W.2d 359, ref., n. r. e., a Pennsylvania employer hired an employee in Texas to work on a construction job in Texas. After completion of such job, the employee was sent first to Pennsylvania and then to West Virginia where he was injured. Although the employee had no expectations of ever returning to Texas after leaving, he was held to be a Texas employee, having been initially hired for work in Texas.

In Southern Underwriters v. Gallagher, supra, an employee hired in Texas was sent immediately to work on a well in New Mexico without ever having worked at all in Texas. In this respect the case is clearly distinguishable from the instant case since in the Gallagher case the employee never had initially the status of a Texas employee, having done no work in Texas.

See also Hale v. Texas Employers' Ins. Ass'n, 150 Tex. 215, 239 S.W.2d 608, 616, in which the court stated:

"From the language of the statute and from the decisions discussed, we are led to the conclusion that the phrase 'status of a Texas employee' is not used in a narrow or technical sense, but rather is intended to include those who have the status of Texas employees or workmen in the ordinary sense of the words."

In the case of Texas Employers' Insurance Ass'n v. Robertson, supra, the deceased was employed in Dallas by a Texas publishing company to sell advertising space in a magazine. After preparation in Texas for his work, he was assigned and sent to a territory consisting of Ohio, Michigan and Indiana. Although he worked out of the office at Dallas, his territory did not cover Texas. He moved to Detroit with his family. His travelling expenses were paid by his Texas employer while he solicited business in the states comprising his territory. He was paid by checks issued in Texas, and he submitted all advertising contracts for the approval of the Dallas office and made periodic return trips to Texas, the last being in November, 1936, for a sales meeting. The Dallas Court of Civil Appeals affirmed the trial court in awarding compensation under the extra-territorial provision of the Texas Compensation law.

The case of Texas Employers' Ins. Ass'n v. Hoehn, Tex.Civ.App., 72 S.W.2d 341, error dism., relied upon by appellant, is distinguishable from the present case, in that the employee was not hired in Texas. The court held that the contract of employment was made in California, although under such contract a part of the work was to be performed in Texas. The employee was killed while working in New Mexico.

In its Second Point of Error appellant contends that even if the deceased was initially a Texas employee, he was killed more than a year after he left the State of Texas, and that for such reason appellees cannot recover. In this connection appellant relies upon the case of Vaught v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 257 S.W.2d 445, ref. n. r. e. In the Vaught case the deceased had been employed in two wholly separate and distinct capacities, one being an oil field employment confined altogether to Texas and covered by a Texas policy, and the other being a ranch employment for one-third of his time, confined altogether to Oklahoma and covered by an

Oklahoma policy. He was killed in Oklahoma while engaged in ranch work. The Texas policy excluded farm and ranch work and expressly covered only the oil field work. The work done in Oklahoma was not in any manner incidental to or connected with the work done in Texas. It is clear that under the facts of such case, Vaught was not a Texas employee at the time he was injured in Oklahoma.

More in point is the case of Texas Employers' Ins. Ass'n v. Robertson, supra. In that case Robertson was employed in 1929 and his fatal injury did not occur until October, 1937. The court pointed out that Robertson's last return to Texas was well within the one year limitation, and approved the award for compensation.

 The extra-territorial provision of the Texas Workmen's Compensation Act is mainly to protect transient workers temporarily out of the state, such as construction workers, travelling salesmen, trouble shooters, truck drivers and oil field workers, whose employment takes them periodically out of Texas. It is well established that the Workmen's Compensation Act should be liberally construed in order to effectuate the beneficent purposes for which it was enacted. Employers Mutual Liability Ins. Co. of Wis. v. Evins, supra; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Gilley v. Aetna Life Ins. Co., Tex.Com. App., 35 S.W.2d 136.

The evidence in the present case shows that the deceased Collins was at the time of his injury a transitory employee temporarily in Oklahoma, and that he had been in Texas most of the year preceding his death and had left Texas the last time several weeks before sustaining his fatal injury.

We have concluded that the trial court properly held and the record clearly establishes that the deceased was a Texas employee within the meaning of Article 8306, Sec. 19, Revised Civil Statutes of Texas, 1925.

The judgment is affirmed.

On Appellant's Motion for Rehearing

With reference to our statement: "According to his wife's testimony he was sent as a trouble shooter to the other states or was assigned work in such other states and finally given the title of 'District Sales Manager,' although according to Mr. Dunn his district was never other than north and west Texas," we find that the record does not show that Mrs. Collins testified her husband was sent as a trouble shooter to other states but does show that he was assigned work in other states which were added to his territory. Mr. Dunn's testimony, however, is clear with respect to the trouble shooting trips made by the deceased to the other states, as set out in our opinion.

Motion for rehearing is overruled.