## TEXAS EMPLOYERS' INS. ASS'N v. VOLEK et al.

### No. 1707—6201.

Commission of Appeals of Texas, Section A.
March 14, 1934.

Sewell, Taylor, Morris & Garwood, of Houston, for plaintiff in error.

C. H. Chernosky and A. B. Gerland, both of Houston, for defendants in error.

CRITZ, Judge.

This suit was filed in the district court of Harris county, Tex., by Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board of this state in favor of Mike Volek and wife, Rosa Volek. Trial in the district court resulted in a judgment for the Voleks. This judgment was affirmed by the Court of Civil Appeals. 44 S.W. (2d) 795. The association brings error.

This case involves a proper construction of the extraterritorial provisions of our Workmen's Compensation Law, and its application to the facts of this case. It therefore becomes necessary to make a fairly comprehensive statement of the facts.

Mike and Rosa Volek are the surviving parents of Frank Volek, deceased. Frank Volek was injured and thereby instantly killed on December 21, 1928, while in the course of his employment as a driller's helper, or pipe racker, for J. S. Abercombie Company, a private corporation, on an oil well being drilled by such company in Calcasieu parish, in the state of Louisiana. Frank Volek was unmarried, and his parents are entitled to compensation for his death if the facts bring this case within the extraterritorial provisions of our Compensation Law as it existed at the time of his death.

The Abercombie Company is a private Texas corporation. During all of the times involved here it was engaged in the business of drilling oil wells in Texas and other states, including Louisiana. It protected its Texas employees by an insurance policy issued by Texas Employers' Insurance Association, and such policy was sufficient in form and substance to cover its employees working outside this state who are contemplated by the extraterritorial provisions of our Compensation Law. Also Abercombie Company carried compensation insurance in another company covering its employees in Louisiana. Mike and Rosa Volek have made no claim for compensation in Louisiana, but have elected to claim under the Texas law. It appears also that Frank Volek, at the time he was killed, was carried on the rolls of Abercombie Company as a Louisiana employee, and was not reported to the Texas Employers' Insurance Association as its employee.

From April 1, 1928, until October 3, 1928, Frank Volek was in the employ of Abercombie Company as a driller's helper or pipe racker. During this time he worked under one J. R. Bass, under a contract of hire from day to day. During such time he was engaged in drilling a well near Damon, in Fort Bend county, Tex. The well near Damon was completed about October 3, 1928, and the Abercombie Company, having no other well for

this crew to drill, laid all the men off, including Frank Volek. Frank Volek remained idle from October 3, 1928, until about October 12, 1928. During this time he was paid no wages by Abercombie Company. At some time between October 3, and October 12, 1928, Abercombie Company contracted to drill an oil well in Calcasieu parish, in the state of Louisiana. On October 12, 1928, Frank Volek was given one day's work by Abercombie Company cleaning up around the rig and boxing tools preparatory to the shipment of the rig and tools to the well site in Louisiana. On this latter date, while Frank Volek was engaged in the above work, he made a contract with Abercombie Company to continue his work on the Louisiana well. In this connection it appears that J. R. Bass, the duly authorized agent of Abercombie Company, made the statement to the men who had worked on the Damon well, including Frank Volek, that, if they would go to Louisiana, they would be. given the same jobs that they had had on the well at Damon. In this connection we quote the following from the testimony of the witness, Lawrence E. Burris:

"On that day I heard John Bass and Frank Volek talking to each other. At this particular time I have in mind, there were present myself, G. W. Wisely, Roy Stevens, and Dickson, and, in fact, practically all the whole crew; I might not remember all of them right now.

"Mr. Bass wanted to know who all was going to Louisiana with the job down there. He said we would all go down there and have the same jobs back that we had there. He said that the rig was going to Louisiana, and we all had our same jobs there. He was talking to Frank Volek, Frank said he was going, and different ones named over who was going and who wasn't going, and he said: 'All right, all that is not going, I will pay you all off here'. He wrote out checks for all that did not go, and he did not write checks for all that went."

From the above we conclude in favor of the judgment of the trial court that, while Frank Volek was an employee of Abercombie Company in Texas, it, through its duly authorized agent, made a contract with him to go to Louisiana and continue the same services for the company that he had performed in Texas. Frank Volek complied with his promise and reported for duty at the well in Louisiana about October 19 or 20, 1928. In this connection the record shows that he was allowed wages for the time he was traveling from his home at Damon, Tex., to the well in Louisiana.

Frank Volek went to work on the well in Louisiana about October 20, 1928, and seems to have worked continuously for the Abercombie Company on such well until December 21, 1928, when he was killed, with the exception of some eight or ten days when he was laid off on account of an injured arm. When he was laid off he was told to come back to work when he recovered from his injury and he would be given his job back. When he recovered he again reported for work and was again given work on the Louisiana well, only with another crew.

Before proceeding further we deem it advisable to quote the applicable portion of section 19 of article 8306, R. C. S. of Texas, as it existed when Frank Volek was killed on December 21, 1928. Such statute is H. B. 314, c. 259, p. 383, Acts 40th Legislature, 1927. It reads as follows:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the law of this State even though such injury was received outside of the State; and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in Article 8307, Sections 5-5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made, or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided further that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the courts of the State where such injury occurred."

■■ By proper assignment of error the association contends that the Court of Civil Appeals erred in affirming the judgment of the district court against it because the uncontradicted evidence shows that Frank Volek was killed in the state of Louisiana while at work under a contract of hire wholly made and en-

tered into in that state. This contention is based on the circumstances attending the laying off of Frank Volek for some ten days on account of an injury received by him while working on the well in Louisiana. We do not think such facts, as a matter of law, constitute a new contract of hiring within the meaning of our Compensation Law. While Frank Volek was an employee of Abercombie Company in Texas he was induced by such company to go to Louisiana on the promise that he would be continued as its employee in the latter state. When he was injured while working on the well in Louisiana and laid off, he was told he could have his job back when he recovered. When he recovered he again reported for work, and was given his same job, only under another foreman, and on the night instead of the day crew. Such facts demonstrate no new contract within the meaning of our Compensation Law. They merely show a temporary suspension of the old contract. Pettiti v. T. J. Pardy Const. Co., 103 Conn. 101, 130 A. 70. Our Compensation Laws should be liberally construed in favor of the employee. It would certainly be highly technical to say that, because Frank Volek was laid off for a few days on account of injury, he went back to work as a new employee.

■ A careful reading of the above statute shows that it has effect to extend the provisions of our Workmen's Compensation Law to any employee "who has been hired in this State," even "though injured out of the State of Texas," if such injury be received within one year from the date he leaves the state. It will be noted that the statute only purports to cover "an employee who has been hired in this State." This clause certainly does not have reference to the place where the hiring was originally made. The primary purpose of our Compensation Law is to protect our own workmen. The purpose of the extraterritorial provision is to protect, under our law, employees who are such in this state under some contract of hiring, and who are incidentally or temporarily sent out of this state to perform labor or services. We think a careful reading of the opinion of the Court of Civil Appeals will demonstrate that its construction of the above statute is in harmony with ours.

■ When the entire record of Frank Volek's employment is examined in the light of the above rule, we think it is fair to conclude therefrom that, while he occupied the status of an employee of Abercombie Company in

Texas, he was sent or induced by such company, through its duly authorized agent, to go temporarily to Louisiana to perform services for it. We think the record further fairly justifies the conclusion that Frank Volek was killed in the course of his employment in Louisiana while performing the services he went there to perform. He was killed in less than a year after leaving this state. We conclude that he was protected by our Compensation Law.

We have read and carefully considered the other assignments, and in our opinion the Court of Civil Appeals has correctly disposed of them.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.