## TEXAS EMPLOYERS' INS. ASS'N v. TUCKER.

### No. 4047.

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1942.

Rehearing Denied Nov. 11, 1942.

Marcus, Carrington & Weller, of Beaumont, E. A. Lindsey, of Newton, and Adams & Hillin, of Jasper, for appellant.

Glenn Faver, of Jasper, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case, filed in Newton County, with appellee, I. E. Tucker, the employee, appellant, Texas Employers' Insurance Association, the compensation insurance carrier, and Oscar Baker, the employer. On the verdict of the jury, judgment was for appellee against appellant for compensation in the sum of $2,906.04, to be paid in a lump sum. Appellant has regularly prosecuted its appeal.

The first point of error is that appellee, as a matter of law, was a Louisiana and not a Texas employee. This issue was plead by appellant as an element of its defense. The point is overruled.

Appellee was injured in Louisiana where he had been working for Mr. Baker about four months, immediately prior to his injury. For many years Mr. Baker was a logger in Texas and Louisiana. Appellee went with him in 1936 and worked with him off and on—most of the time—to the date of his injury. Mr. Baker moved his employees around from Texas to Louisiana and back again, as he needed them. Immediately prior to going to Louisiana, appellee had been driving a caterpillar for Mr. Baker. One evening his foreman told him, as appellee testified, that his crew would have to go to Louisiana "and do a little skidding over there"; he said about three or four weeks, "the boss give us instructions we would have to go to Louisiana, because they had some short life stuff over there the mules couldn't get; they didn't have any caterpillars; we would take these caterpillars over there and finish that; just exchange with them for about three or four weeks. That was the instructions we got." He testified that immediately after this conversation he went to Louisiana "with the intention of staying three or four weeks like the boss said." He did the same class of work, drove the same caterpillar, received the same wage, and worked under the same foreman in Louisiana as in Texas, and did not lose any time in the transfer. About that time other caterpillar operators were sent over from the Texas job to Louisiana, and then brought back to Texas.

It is clear from appellee's testimony that he was one of Mr. Baker's regular employees and had been in this employment for many years; that he was instructed in Texas, under his Texas employment, and as one of the Texas employees, to go to Louisiana on a temporary Louisiana job, with the understanding that, when that job was finished at the end of three or four weeks, he would be brought back to Texas. On authority of Texas Employers' Ins. Ass'n v. Volek, Tex.Com.App., 69 S.W.2d 33, the court did not err in overruling appellant's motion for an instructed verdict and for judgment non obstante veredicto, on its construction of the evidence that, as a matter of law, appellee was a Louisiana employee. In that case Judge Critz quotes the pertinent provision of the statute, with an analysis of its legal effect, making it on all fours with the case at bar.

Appellee's testimony that his foreman gave him the choice of going to Louisiana or of giving up his job is immaterial on the nature of his contract. The controlling points are that the contract was made in Texas and that the removal to Louisiana was merely temporary—that at the end of three or four weeks he was to return to Texas and continue his work in Texas.

Appellant insists that, if not entitled to an instructed verdict, the court erred in not submitting to the jury the issue as to whether or not appellee's employment was a Texas or a Louisiana contract. Appellee plead his rights to compensation under the Texas law. Appellant answered by special plea that it was a Louisiana contract. Appellee's evidence clearly supported his theory of his petition. The burden rested on appellant to ask for a submission of its theory of the case; on this point it requested the following issues:

"Special Issue No. A. Do you find from a preponderance of the evidence that plaintiff, I. E. Tucker, after termination of his work in Tyler County, Texas, and before moving to Louisiana in February, 1941, entered into a contract of hire with Oscar Baker to perform services in the State of Louisiana? Answer: 'Yes' or 'No.'

"Special Issue No. B. Do you find from a preponderance of the evidence that at

the time said I. E. Tucker received his injury on June 10, 1941, he was working for Oscar Baker in Louisiana pursuant to said contract of hire? Answer: 'Yes' or 'No.'"

The court did not err in refusing these issues since, on affirmative answers, it would not have been entitled to judgment. As stated above, the evidence raised the issue that Mr. Baker transferred his employees from Texas to Louisiana and from Louisiana to Texas as he needed them. If it be conceded that appellee's long standing contract terminated at the time his foreman instructed him to go to Louisiana, and that at that time the foreman made a new contract with him to go to Louisiana, the effect of such a contract would not have been to make appellee a Louisiana employee. The whole tenor of appellee's testimony was that the contract to go to Louisiana, whatever it was, was merely temporary, and at the end of three or four weeks he was to return to Texas in his original employment, as a continuation of his many years of employment. These questions did not exclude appellee's theory that the contract inquired about, "to perform services in the State of Louisiana," was not an element of the long standing Texas contract.

■ Again, appellant insists that, whatever the nature of the original contract between appellant and appellee, a new contract was made in Louisiana whereby appellee became a Louisiana employee, as a matter of law. This contention is denied. When appellee went to Louisiana he left his family in Texas. At the end of about two months and a half he told his foreman that he was going back to Texas unless he built him a house for his family; his foreman built him a house and he moved his family into the house. There is nothing in the testimony forcing the conclusion that at any time appellee abandoned his right to return to Texas and to work for Mr. Baker in Texas, as he had worked for him since 1936.

■ The court did not err in permitting appellee's medical witnesses to testify that they would not pass appellee for industrial work; that in their opinion he could not pass a preemployment examination for work. These doctors gave the facts of appellee's injury to the jury. They were experts and it was permissible for them to give to the jury their expert opinion on the effect of the injuries in issue. Appellant had introduced an expert witness who

testified that appellee's physical condition, in his opinion, was not "such as to prevent him from being able to perform manual labor." The issue is one within the field of expert testimony.

■ We give appellant's seventh point: "The court erred in permitting appellee's counsel to propound to a witness for appellant, over appellant's objections, questions which assumed that his testimony had been framed, all of which was highly prejudicial to appellant's rights before the jury." The point is overruled. Appellant's witness testified to certain transactions relating to whiskey drinking and crap shooting, contradicted by the other witnesses. Appellee's counsel asked this witness "when did you hatch up this idea about the whiskey drinking?"; and again, "When did you frame up this liquor business, about drinking this whiskey?" Appellee's cross examination of the witness was under the direction of the court, and we cannot say that it was so inflammatory as to constitute error.

The judgment of the lower court is affirmed.