## COVINGTON v. ASSOCIATED EM-PLOYERS LLOYDS.

### No. 2547.

Court of Civil Appeals of Texas. Eastland.

May 17, 1946.

Rehearing Denied June 7, 1946.

Smith & Smith, of Anson, for appellant.

McMahon, Springer & Smart, of Abilene, for appellee.

LONG, Justice.

This is a workman's compensation suit attempted to be brought under Article 8306, § 19, Vernon's Ann.Civ.St., generally known as the Extra Territorial provision of our Workmen's Compensation Statutes. Plaintiff, Louis Lee Covington, alleged that on the 2nd day of March, 1945, he sustained permanent personal injuries while working for the Chickasha Cotton Oil Company in its oil mill in the town of Loving in the State of New Mexico. From the plaintiff's pleadings, we quote:

"That on or about the 2nd of January, 1945, the plaintiff was working in the town of Brady, McCulloch County, Texas at which time the employer's agent and servant came to the town of Brady in McCulloch County, Texas and employed the plaintiff and other employees to go to the town of Loving, New Mexico for the purpose of working in the oil mill; that said employer furnished a truck and expenses of making the trip and transporting the plaintiff and other employee, that said. employer had hired at Brady and carried them to Loving, New Mexico and immediately on arrival, at said place, the plaintiff together with other employees, proceeded to go to work in said employer's oil mill at Loving, New Mexico. That the wage rate to be paid the plaintiff and such other employees of the employer, was agreed upon in the town of Brady in McCulloch County, Texas, before the plaintiff and such other employees were loaded out at Brady to be sent to Loving, New Mexico, which wage rate was to be 63½¢ per hour for the press room hands."

The defendant leveled a special exception at the above pleading, as follows:

"The defendant specially excepts to plaintiff's petition and particularly to that part thereof wherein it is alleged that plaintiff was engaged in Brady, Texas by Chickasha Cotton Oil Company to go to the town of Loving, New Mexico for the purpose of working in the oil mill, pursuant to which contract of employment, plaintiff with other employees, proceeded to go to work in said oil mill at said town of Loving, New Mexico in the pursuit of which employment, he allegedly was injured for the reason that said allegation affirmatively discloses on the face of said petition that plaintiff was not a Texas employee entitling him to pursue any remedy against this defendant under the compensation law of the State of Texas; it not being alleged in said allegations that plaintiff was a Texas employee sent incidently or temporarily out of the State of Texas to perform labor or service and of this exception this defendant prays judgment of the court."

The court sustained the exception. Plaintiff declined to amend and the cause was dismissed. Plaintiff has appealed.

The controlling question presented is did plaintiff's petition allege sufficient facts to show that he was a Texas employee under said Article 8306, § 19, which, insofar as is pertinent herein, is as follows:

"If an employee, who has been hired in this State, sustains injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas, * * *."

We believe that this question was settled adversely to the plaintiff by our Supreme Court in the case of Southern Underwrit-

ers v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, 592, from which we quote:

"Under the plain provisions of Section 19 of Article 8306, supra, as interpreted and construed in the two cases above mentioned, before an employee injured outside the territorial limits of this state can recover for such injury under our compensation statutes, he must prove that, at the time of such injury, he occupied the status of a Texas employee incidently or temporarily sent out of the state to perform labor or services. The phrase, 'who has been hired in this State,' has no reference to the place where the contract of hiring took place. The test is: What was the status of the employee at the time of injury with regard to being a Texas employee? If, at such time, he occupied the status of a Texas employee, he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted with in this state to go out of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state. Also, if a person is hired to work in this state,—that is, if, under the contract of hiring, such person becomes a Texas employee in the sense that it is contemplated that his services are to be rendered in this state, such employee is protected by our Compensation Law, even though he is first sent incidentally or temporarily out of the state to perform labor or services out of this state will not defeat his right to protection under our compensation statutes. In any event, before the statute under consideration can be applied in favor of an employee injured out of this state, it must be shown that he occupied the status of a Texas employee before leaving the state. Also, it must be further shown that while occupying such a status he was incidentally or temporarily sent out of the state by the Texas employer to perform labor or services for such employer."

■ Applying the facts alleged by Covington to the law as announced in the Gallagher case, it will be seen that Covington never did any work for his employer in the State of Texas. It is true the contract of employment was entered into in Texas, but Covington went immediately after he was employed to the State of New Mexico and was working there at the time he sustained the alleged injury. In fact, his employment did not contemplate that he would work in Texas at any time. The facts as alleged by plaintiff do not show that he occupied the status of a Texas employee before leaving the state, and that while occupying such status he was incidentally or temporarily sent out of the state by his Texas employer to perform labor or service for such employer. On the contrary, they affirmatively show that he was not such an employee. The law as announced by the Supreme Court in the Gallagher case, so far as we have been able to determine, has not been modified in any way or overruled by that court in any later opinion. We believe that the action of the trial court in sustaining the special exception was proper.

■ Plaintiff contends that the exception as filed by the defendant and sustained by the trial court was in effect a general demurrer, which is prohibited by Rule 90, Texas Rules of Civil Procedure, and further contends that such exception failed to comply with Rule 91 of said Rules. We do not agree with these contentions. The exception was not in the nature of a general demurrer. It pointed out specifically and intelligibly that plaintiff's petition did not show that plaintiff was a Texas employee sent incidentally or temporarily out of the state to perform labor or service. The exception further plainly pointed out that such petition affirmatively disclosed that he was not such an employee.

The judgment of the trial court is affirmed.