**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Charlie Robert DOSSEY, Appellee.**

No. 5682.

Court of Civil Appeals of Texas.

El Paso.

Feb. 17, 1965.

Rehearing Denied March 10, 1965.

Turpin, Kerr, Smith & Dyer, James T. Smith, Max N. Osborn, Midland, for appellant.

Warren Burnett, Robert D. Pue, Odessa, for appellee.

PRESLAR, Justice.

This is a workman's compensation case brought by appellee Dossey, as plaintiff, against appellant Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board of Texas, and to recover compensation for injuries

received while working in the State of New Mexico. Judgment was for the plaintiff for total and permanent disability based on jury findings, plus a determination by the court that the plaintiff was, at the time of his injuries, a Texas employee within the meaning of Article 8306, section 19, Revised Civil Statutes of Texas. The principal question for determination on this appeal is whether, at the time of injury, the appellee, Dossey, occupied the status of a Texas employee of Lowe Drilling Company; and secondly, whether such question should have been submitted to the jury.

The pertinent portion of Article 8306, section 19, provides:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas * * *."

■ As we begin our inquiry, we must first take note of the clause, "who has been hired in this State", for our courts have held that such clause does not have reference to the place where the hiring was originally made. Southern Underwriters v. Gallagher (1940), 135 Tex. 41, 136 S.W.2d 590. This is the landmark case on extraterritorial provisions of the Texas Workmen's Compensation statutes, and it lays down the rule in these words:

" * * * The test is: What was the status of the employee at the time of injury with regard to being a Texas employee? If, at such time, he occupied the status of a Texas employee, he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted with in this state to go out

of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state."

■ Thus, our inquiry is whether or not Dossey, at the time of his injury, occupied the status of a Texas employee. Our courts have never defined "status of a Texas employee", and the court has decided in each case, as it has arisen and under its peculiar facts, whether the claimant did or did not have that status. Hale v. Texas Employers' Ins. Ass'n, 150 Tex. 215, 239 S.W.2d 608 (1951). Of the many cases which have been decided on this basis, the one with the fact situation most like the one before us is Southern Underwriters v. Gallagher (supra). There, we are given a guide to aid in determining when one has attained the "status of a Texas employee" when the court said:

"Also, if a person is hired to work in this state,—that is, if, under the contract of hiring, such person becomes a Texas employee in the sense that it is contemplated that his services are to be rendered in this state, such employee is protected by our Compensation Law, even though he is first sent incidentally or temporarily out of the state to perform labor or services, and the mere fact that such employee performs his first services out of this state will not defeat his right to protection under our compensation statutes."

We are of the opinion that the facts of the case before us establish that Dossey had, at the time of his injury, the status of a Texas employee, for the reasons that the contract of hire contemplated that he would perform services in Texas, and prior to his injury he did, in fact, perform services for his employer in this state.

The facts surrounding the hiring of Dossey are that he and a companion sought work from one Williams, a driller for Lowe Drilling Company. They had heard that Williams was going to start drilling and

was "looking for hands", so they sought him out. They met Williams on the road a few miles out of Andrews, asked for jobs, and were hired, Dossey as a derrick man and his companion as a floor hand. This took place in Andrews County, Texas, where all lived, on Friday or Saturday, and at the time neither Dossey nor the driller, Williams, knew where they would actually report to work. The hiring was the customary oil-field manner, in which the drillers are hired by toolpushers, or superintendents of the company, and each driller then selects and hires his own crew—four on the ordinary rotary rig set-up. On Sunday night the driller notified Dossey that they would go to work the next morning and that he would pick him up to go to the job-site. When they started to the job-site the next morning they still did not know the location of the drilling rig on which they were to work, but they were to report to Monument, New Mexico, which they did, and there were told of the rig's location south of Jal, New Mexico. Dossey worked on that rig until the well was completed— some four weeks—and then his crew worked at laying water and gas lines to another Lowe Drilling Company rig for three days, near Andrews, Texas. The superintendent had told their driller to have them report for this work in Texas, and after the three days they were sent back to New Mexico to the rig on which they had been working, but at another location. Dossey continued to work there until injured some ten days later. The parties stipulated that the contract of employment remained unchanged during these moves. Williams, the driller, testified that at the time he hired Dossey as his derrick man, he did not know where they would be working—Texas or New Mexico—and that he hired Dossey with the understanding that he would be working both in Texas and New Mexico or in either state that the work took him. He testified that with Lowe Drilling Company the fact that you were assigned to a rig did not mean that you were going to stay with that rig all the time, and that had the particular rig to which he and Dossey were

assigned fired up in Texas, on Dossey's initial employment, then he would first have worked in Texas. Lowe had its principal offices in Midland, Texas, and had rigs operating in both Texas and New Mexico. From all of this, we conclude that Dossey was hired in contemplation of working in Texas and New Mexico, or either, and did work in both states, and did, at the time of his injury, have such status as a Texas employee as to be eligible to claim the benefits of the Texas Compensation statutes. The case is distinguishable from one where a person is employed in Texas to report for work at a specified plant, factory or other immobile installation in another state. Covington v. Associated Employers Lloyds, Tex.Civ.App., 195 S.W.2d 209. It is also distinguishable on its facts from Southern Underwriters v. Gallagher, where it was understood and discussed during the hiring negotiations that the employment would be in New Mexico. In that case the place of hiring was Kermit, Texas, where the workman, Gallagher, sought employment with a drilling company, and was told that he could go to work in New Mexico. He expressed a preference for Texas, and was told that when the rig started up in Pecos County, Texas, he would be transferred to it. With the understanding of the situation he accepted the New Mexico employment and was there injured before the promise of work in Texas materialized, and without ever having worked in Texas under that contract of employment. In finding that Gallagher did not, at the time of his injury, occupy the status of a Texas employee, the court pointed out that in order to justify a holding that he was such a Texas employee, there would have to be a fact finding that at the time Gallagher went to New Mexico to work, he and the drilling company had already entered into a contract by the terms of which he became a Texas employee in the sense that his services were to be performed in Texas. The court found there was no evidence to justify such a conclusion. In the case before us, we think the facts justify such a conclusion.

As to appellant's point of error that the trial court should have submitted to the jury the question as to whether or not Dossey was a Texas employee, we conclude that the facts determinative of that issue were not in dispute. There being no conflicts of evidence for the jury to resolve, it was a matter of the application of the law to those facts by the court, so there was no error in refusing the issue. Texas Employers' Ins. Ass'n v. Moore, Tex.Civ. App., 56 S.W.2d 652.

All points of error have been considered and all are overruled. The judgment of the trial court is affirmed.