**TEXAS EMPLOYERS' INSURANCE ASS'N, Petitioner,**

v.

**Charlie Robert DOSSEY, Respondent.**

**No. A–10735.**

Supreme Court of Texas.

March 30, 1966.

**154**

Turpin, Smith, Dyer & Hardie, Max N. Osborn, Midland, for petitioner.

Warren Burnett and Robert D. Pue, Odessa, for respondent.

STEAKLEY, Justice.

This is a workmen's compensation case. The question is whether the Respondent,

Dossey, who was injured in New Mexico, is entitled to compensation under the Texas Workmen's Compensation Law, Article 8306 et seq.[1] The trial court held that he was and on the basis of jury findings entered judgment for Dossey for total and permanent disability. The Court of Civil Appeals affirmed. 387 S.W.2d 758. We reverse the judgments below and remand the case.

Dossey is a resident of Texas and was residing at Andrews, Texas, at the time of his injury. Andrews is thirty-two miles from the Texas-New Mexico boundary. Dossey is an oil field worker. In January of 1962 he and a friend heard that Lowe Drilling Company was looking for a crew with which to start a drilling operation. Lowe Drilling Company had its principal office in Midland, Texas, and operated rigs in the West Texas-New Mexico oil field. Henry Ellis Williams was Lowe's toolpusher with the duty of employing the crew. Dossey and his friend sought out Williams a few miles from Andrews on an oil field road and asked for work. In the informal manner of doing such things in the oil business, Williams said he would hire them and that they should stand by until further notice. Dossey was subsequently called by Williams and told to report for work the following morning. He did so and was then told that he would first go to work on a rig in New Mexico. He worked at the New Mexico location for four weeks until the well was completed. The crew, including Dossey, was then sent to a location near Andrews, Texas, where they worked three days laying water and gas lines to a Lowe Drilling Company rig. The crew was then sent to another location in New Mexico where Dossey suffered his injury ten days later.

The evidence as to the terms of the contract of employment, particularly the testimony of Dossey and Williams, is inconclusive. There is evidence from their testimony that Dossey was hired to work in both Texas and New Mexico as the cir-

1. The statutory references are to Vernon's Annotated Civil Statutes.

cumstances of his employer might require. Williams, for example, testified that at the time of his employment of Dossey he did not know where Dossey would be working; that it would be in one of the two states of Texas or New Mexico, depending upon where the rig to which they would be assigned would be "fired up"; that it was his understanding that Dossey would be "working in Texas and New Mexico or in either state," depending upon where the work took him; and that it was "just a matter of happenstance that the rig fired up in New Mexico first." In any event, it was stipulated that the contract of hire remained unchanged during Dossey's employment by Lowe Drilling Company.

Petitioner's points of error assert, in essence, two propositions: first, that the undisputed proof established conclusively that at the time of his injury Dossey occupied the status of a New Mexico—and not a Texas—employee; and, second, that the trial court erred in not submitting to the jury its requested issue inquiring whether Dossey occupied the status of a Texas employee at the time of his injury. We overrule the first and sustain the second of these contentions.

The extraterritorial provisions of the Texas Workmen's Compensation Law, Article 8306, Sec. 19, provide:

"If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas. * * *

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee here-under in the event he has elected to pursue his remedy and recovers in the state where such injury occurred." [2]

The construction of these statutory provisions by this Court is found in the following cases: Texas Employers' Ins. Ass'n v. Volek, 69 S.W.2d 33 (Tex.Com.App. 1934); Maryland Casualty Co. v. Brown, 131 Tex. 404, 115 S.W.2d 394 (1938); Texas Employers' Ins. Ass'n v. James, 131 Tex. 605, 118 S.W.2d 293 (1938); Travelers Ins. Co. v. Cason, 132 Tex. 393, 124 S.W.2d 321 (1939); Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W. 2d 955 (1940); Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 950 (1940); and Hale v. Texas Employers' Ins. Ass'n, 150 Tex. 215, 239 S.W.2d 608 (1951). The exhaustive review of these cases in Hale will not be here repeated. We said in Hale:

"All of those decisions seem to be in accord on the point that the employee, to be entitled to the benefit of the extraterritorial provision of the statute, must have acquired the status of a Texas employee. This because the entire statute is intended for the benefit of Texas employees and because industry in Texas should not have the burden of providing insurance for employees of other states. * * *

"From the language of the statute and from the decisions discussed, we are led to the conclusion that the phrase 'status of a Texas employee' is not used in a narrow or technical sense, but rather is intended to include those who have a status of Texas employees or workmen in the ordinary sense of the words."

■ An employee has the status of a Texas employee when he has been hired in this state to work in this state and in another state as the circumstances of his employer may require. His Texas employee status is fixed in the fact of his employ-

2. Neither proviso is raised by Petitioner's points of error.

ment to work in Texas as well as in the other state. He continues to occupy this status even though he first works in the other state. Relying on certain statements in the opinion of this Court in *Gallagher* and *Hale,* Petitioner contends that Dossey is precluded from Texas benefits because he worked first in New Mexico; in other words, that under these two decisions a workman cannot acquire a status of a Texas employee if he has not in fact performed services for his employer in this state before doing so in the other state. We overrule these contentions and anything said in *Gallagher* or *Hale* contrary to this holding is disapproved.

The extraterritorial provisions of the Texas statute do not expressly preclude benefits for a Texas workman in the circumstances of Dossey. Indeed, there is no sound reason why such a workman cannot have an employee status in both Texas and the other state, with protection at his election in either state if permitted by the compensation statutes of the other state as construed by its courts. Be this as it may, however, Texas has the most legitimate public interest in Dossey as an injured workman. He is a Texas resident; the contract of hire occurred in Texas; his employer is domiciled in Texas; and he did, in fact, perform labor and services in both Texas and New Mexico before his injury in New Mexico. Cf. Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939), and Alaska Packers Ass'n v. Industrial Accident Commission, 294 U.S. 532, 55 S. Ct. 518, 79 L.Ed. 1044 (1935).

 As previously reviewed, the evidence in the present record as to the terms and conditions of Dossey's employment is inconclusive. It cannot be said that it is undisputed either that Dossey was, or that he was not, employed to work in Texas, as well as in New Mexico. It follows that we cannot determine as a matter of law whether or not he occupied the status of a Texas employee at the time of his injury

in New Mexico. Ascertaining the real agreement of the parties from a consideration of the evidence bearing on the terms and conditions of the contract of employment, and hence determining employee status, is the function of the trier of facts. Petitioner requested submission to the jury of an issue inquiring whether Dossey occupied the status of a Texas employee at the time of his injury. The trial court denied the request and this action is the subject of points of error in the Court of Civil Appeals and here. It follows from what we have said above that Petitioner was entitled to a fact submission in these respects. This fact submission could be in terms of whether Dossey occupied the status of a Texas employee at the time of his injury, as requested by the Petitioner, with instructions in accordance with our holding here, or, as we regard more appropriate, in terms of whether under his employment contract Dossey was hired to work in Texas as well as in New Mexico.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded to the trial court.

GRIFFIN, Justice (dissenting).

I am unable to distinguish the facts in this case from the facts of the Gallagher case (135 Tex. 41, 136 S.W.2d 590), except the facts in the Gallagher case are much more favorable to a recovery by the injured workman than they are here. In that case Gallagher testified:

"That he first talked to the officers or agents of the Drilling Company at Kermit, in Winkler County, Texas; that Kermit is about twelve miles from the New Mexico line; that at the time he first talked to the above-mentioned officers they were going to drill a well in Texas near Pecos; that he spoke to such officers about going over there on the Pecos job, and they said when they got ready to start that job they would send him (Gallagher) over there; that he did not go

to work on the well near Pecos in Texas, and never did any work for the Drilling Company in Texas; that the well was started in New Mexico, and he was told by the officials of the Drilling Company to go over there, and when the Drilling Company got ready to rig up, he (Gallagher) would be transferred back to Texas; that the officers of the Drilling Company told him (Gallagher) that he would be sent to the deep test in Pecos County, Texas, which well was another job; that he (Gallagher) said he would rather work in Texas than in New Mexico for the reason he lived in Texas with his family; that the officers of the Drilling Company told him (Gallagher) to go over there (we presume meaning New Mexico), we carry Texas Compensation Insurance, and that he (Gallagher) then took the job and went to work on the well in New Mexico; that he (Gallagher) did not go to work in Texas; and that he was injured before the Texas job got started."

In the case at bar, plaintiff Dossey testified on direct examination that he was hired on a Saturday and went to work on a Monday (eight days after the employment contract); at the time of his employment there was no discussion about where he was to work in what state or county; he was to work wherever the rig was, and that when he went to work the rig was close to Monument, New Mexico, lying on the ground; that the rig was erected on a location in the State of New Mexico and this is where he went to work.

Williams, the driller for Lowe Drilling Company who hired Dossey, testified that this was his first job for Lowe Drilling Company; that Mr. Massey, Lowe's drilling superintendent, hired Mr. Williams to work on one of two rigs at the time stacked in New Mexico. Rig No. 1, on which Williams and Dossey worked, and Rig No. 5, on which neither worked so far as the record shows, were both located in New Mexico.

There is no testimony in the record that Dossey ever requested work in the State of Texas or that Williams ever promised him work in Texas; no testimony as to a request by Dossey or a promise by Williams that Dossey would ever be transferred to work in Texas.

The evidence does show that the three days' work laying lines which Dossey did in Texas while his rig in New Mexico was being skidded to a new location in New Mexico was only temporary work given by Lowe in order to enable the crew of Rig No. 1 to earn some wages while waiting. Dossey testified that when his first job on Rig No. 1 was finished, Williams asked his crew to remain available to go to work at the new location and that "Sonny" (Williams) promised that when the rig started up at its new location he still had a job working for Lowe, and that Williams told him the work in Texas was only temporary and the crew would go back to Rig No. 1 when it started up. There is no testimony that this rig or that the driller, Williams, ever thereafter worked on any rig in Texas for Lowe, but the evidence shows all their work was in New Mexico.

Try as hard as the majority does, it never does get away from the test laid down in Gallagher and Hale (150 Tex. 215, 239 S.W. 2d 608) for determining whether or not an employee has acquired the status of a Texas employee so as to be covered by Texas Workmen's Compensation. That test is simple and of easy application and is: "* * * that one *who has not in fact done any work in Texas* for his employer before being hired to work in another state cannot be said *to have acquired the status of a Texas employee* and is not entitled to the benefits of the statute." (Emphasis added.)

There is not a single case cited by the majority as authority for its holding in which a recovery has been allowed wherein the employee had not first been working for his employer in Texas prior to the time he was working for the same employer out-

**158**

side Texas. There is no such case in the books.

For this simple, understandable and easily applied test of when an employee has acquired the status of a Texas employee, the majority has substituted a confusing and many-pronged test, stated as follows: "He is a Texas resident; the contract of hire occurred in Texas; his employer is domiciled in Texas; he was employed to work in both Texas and New Mexico and he did, in fact, perform labor and services in both [states] before his injury in New Mexico."

Patently the last test of performing labor in both Texas and New Mexico is directly contrary to the stipulation between the parties that "there was no breaking off of the contract to hire" and "no change of any contract to hire," and "no change in his status" from the original conversation of hiring between Williams and Dossey about one week prior to the beginning of the work on Rig No. 1 in New Mexico. Such test is also directly contrary to Dossey's testimony set out above that "Mr. Sonny Williams told me that the work I was doing in Texas was only temporary, and as soon as Rig No. 1 started back up (in New Mexico) I would go back there." Clearly, under the ordinary meaning of the English language, the interim temporary Texas work could not serve to give Dossey the status of a Texas employee.

Which of the tests laid down by the majority is the controlling test? Must all tests be present? If not, which ones may be absent? Which combination of tests are necessary in order for an employee to have status as a Texas employee? The above questions illustrate the confusion that will result from the majority opinion.

If Gallagher is no longer the law, then that fact should be faced, and the bench and bar told not to rely further on Gallagher; Hale; Covington v. Associated Employers Lloyds, Tex.Civ.App., 195 S.W.2d 209, writ refused, and the many other cases now in the Texas Reports upholding the Gallagher rule.

In my opinion, it is much better for there to be certainty in the law than for it to be left in a state of confusion, so that the legal profession has no guideposts whereby it may steer a course of justice.

I would adhere to the Gallagher rule and reverse the judgments of the courts below and render judgment in favor of the petitioner herein.

HAMILTON, J., joins in this dissent.