# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00086-CV

**Texas Mutual Insurance Company, Appellant**

**v.**

**Hofer Builders, Inc. and Hartford Underwriters Insurance Company, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-005825, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this workers' compensation case, Texas Mutual Insurance Company appeals from the trial court's rulings in favor of Hofer Builders, Inc. (HBI) and Hartford Underwriters Insurance Company (Hartford) on the parties' cross motions for summary judgment in the underlying declaratory judgment action. For the following reasons, we reverse and render judgment in favor of Texas Mutual.[1]

### BACKGROUND

The parties' dispute concerns whether Texas Mutual is contractually liable to reimburse HBI or Hartford for Louisiana workers' compensation benefits that Hartford paid to

---

[1] Because the parties' cross motions for summary judgment rely on evidence that we described in a prior appeal from the underlying proceeding, we do not restate the evidence here except as is necessary to address the issues raised. *See* Tex. R. App. P. 47.1, .4; *Texas Mut. Ins. v. Hofer Builders, Inc.*, No. 03-17-00741-CV, 2019 Tex. App. LEXIS 5562, at *2–6, *16–19 (Tex. App.—Austin July 3, 2019, no pet.) (mem. op.).

HBI's employee David Hope. Hope, who resided in Florida, was injured in December 2014 at a Louisiana construction worksite. Hartford was the workers' compensation insurer for the general contractor, HBI was a subcontractor, and Texas Mutual was the workers' compensation insurer for HBI. *See* Tex. Ins. Code § 2054.151 (explaining that Texas Mutual serves as "insurer of last resort").

HBI's workers' compensation insurance policy with Texas Mutual included a standard form endorsement, entitled "Limited Reimbursement for Texas Employees Injured in other Jurisdictions" (the Endorsement). *See* Tex. Lab. Code § 406.051(b) ("The contract for coverage must be written on a policy and endorsements approved by the Texas Department of Insurance."); *see also* Tex. Ins. Code § 2052.002(b) (prohibiting insurance company from using form other than one prescribed under section for workers' compensation insurance unless form is endorsement that is "appropriate to company's plan of operation" and "submitted to and approved by the department"). The Endorsement references Texas Labor Code sections 406.071 and 406.072 and incorporates statutory language from section 406.071. *See* Tex. Lab. Code §§ 406.071–.072.[2]

---

[2] Subsections 406.071(a) and (b)(1) provide:

(a)    An employee who is injured while working in another jurisdiction or the employee's legal beneficiary is entitled to all rights and remedies under this subtitle if:

(1) the injury would be compensable if it had occurred in this state; and

(2) the employee has significant contacts with this state or the employment is principally located in this state.

(b) An employee has significant contacts with this state if the employee was hired or recruited in this state and the employee:

(1) was injured not later than one year after the date of hire; . . . .

The Endorsement states in relevant part:

> This policy does not provide "other states" insurance coverage. This endorsement provides reimbursement coverage to you for those Texas employees who are described in the Texas Labor Code §§ 406.071–.072. Therefore the coverage is for injuries to your Texas employees that occur in another state if (i) the injury would have been compensable had it occurred in Texas and (ii) the employee has significant contacts with Texas or the employment is principally located in Texas. An employee has significant contacts with Texas if the employee was hired or recruited in Texas, and (i) the employee was injured not later than one year after the date of hire; or (ii) has worked in Texas for at least ten working days during the twelve months preceding the date of injury.
>
> Employees hired or recruited by you outside Texas to work in another state are specifically excluded from the terms and provisions of this policy. If you conduct business in states other than Texas, you must comply with those state laws. You must promptly notify your agent before you begin work in any jurisdiction other than Texas. We are not authorized to provide workers' compensation insurance in any jurisdiction other than Texas. You are responsible for all of your legal obligations for your failure to comply with requirements of the workers' compensation laws of any jurisdiction other than Texas.

*See id.* When the Endorsement applies, Texas Mutual is contractually liable to reimburse workers' compensation benefits paid to Texas employees injured out of state, including in Louisiana.

This is the second appeal from the underlying proceeding. *See generally Texas Mut. Ins. v. Hofer Builders, Inc.*, No. 03-17-00741-CV, 2019 Tex. App. LEXIS 5562 (Tex. App.—Austin July 3, 2019, no pet.) (mem. op.). The prior appeal was also from summary judgment rulings in favor of HBI and Hartford and concerned the scope of the extraterritorial coverage provided by the Endorsement and the Texas Labor Code. *See id.* Because Hope's injury occurred within a year of being hired by HBI and his injury would have been compensable

Tex. Lab. Code § 406.071(a), (b)(1).

3

if it had occurred in Texas,[3] the parties primarily joined issue as to whether Hope had "significant contacts" with Texas because he was "hired or recruited" in Texas. *See id.* at \*19–20; Tex. Lab. Code § 406.071(a)(2), (b)(1) (setting forth test for determining if employee injured within one year of hire date has significant contacts with Texas). We affirmed the portion of the trial court's order denying Texas Mutual's motion for summary judgment, reversed the portion of the order granting summary judgment in favor of HBI and Hartford, and remanded the case to the trial court for further proceedings. *See Hofer Builders*, 2019 Tex. App. LEXIS 5562, at \*1.

In determining that the evidence did not establish that Hope was "hired or recruited" in Texas, we noted that Hope's physical location was in Florida during the hiring process and explained that our interpretation of the Endorsement was consistent with the extraterritorial statutes as a whole:

> We further observe that interpreting the phrase "hired or recruited in this state" by focusing on the employee's physical location is consistent with extraterritorial statutes as a whole. [*El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 418 (Tex. 2017).] Consistent with determining whether an employee has significant contacts based on the employee's location at the time the employee is hired or recruited, the focus of the inquiry as to the principal location of employment is on the employee's location after he or she has begun working—it is either "where" "the employer has a place of business at or from which the employee regularly works" or "the employee resides and spends a substantial part of the employee's working time." *See* Tex. Lab. Code § 406.072; *Webster's Third New Internat'l Dict.* at 2602 (defining "where" to mean "at or in what place" and stating that "where" refers to "location" or "place"). This interpretation also adheres to the intent of Texas workers' compensation laws that the "entire statute is intended for the benefit of Texas employees and because industry in Texas should not have the burden of providing insurance to employees

---

[3] Because Hope received Louisiana workers' compensation benefits, he was not eligible for Texas workers' compensation benefits. *See* Tex. Lab. Code § 406.075(a) ("An injured employee who elects to pursue the employee's remedy under the workers' compensation laws of another jurisdiction and who recovers benefits under those laws may not recover under this subtitle.").

of other states." *Texas Emp'rs' Ins. Ass'n v. Dossey*, 402 S.W.2d 153, 155 (Tex. 1996) (quoting *Hale v. Texas Emp'rs' Ins. Ass'n*, 239 S.W.2d 608 (Tex. 1951)).

*Id.* at *26–27. We further explained that the trial court did not err in denying Texas Mutual's motion for summary judgment because "even if the summary judgment evidence conclusively established that Hope was not hired or recruited in Texas, Texas Mutual would have had to specifically argue in its motion for summary judgment and then conclusively establish that Hope's employment was not principally located in this state to be entitled to summary judgment" and that Texas Mutual "did not expressly make this argument in its motion for summary judgment." *Id.* at *32 (citing Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.")).

On remand, the parties again filed cross motions for summary judgment, joining issue as to the principal location of Hope's employment. *See* Tex. Lab. Code § 406.071(a)(2) (providing that employee who is injured while working out of state is entitled to benefits if injury would have been compensable in Texas and "the employment is principally located in this state"). The "principal location of a person's employment is where: (1) the employer has a place of business at or from which the employee regularly works; or (2) the employee resides and spends a substantial part of the employee's working time." *Id.* § 406.072. It was undisputed that (i) Hope's injury would have been compensable had it occurred in Texas; (ii) because Hope was a Florida resident but spent his working time exclusively in Louisiana, subsection (2) of section 406.072 was inapplicable; and (iii) Texas Mutual was liable under the Endorsement if Hope's employment was principally located in Texas.

In their motion for summary judgment, HBI and Hartford asserted that Texas was the principal location of Hope's employment because HBI's only place of business was its office in Saginaw, Texas. In its cross motion, Texas Mutual countered that Hope's employment was not principally located in Texas because after he was hired, he worked exclusively in Louisiana until he was injured. Texas Mutual also asserted that Hope's injury was not covered under part one of HBI's policy because Hope received workers' compensation benefits from Louisiana, *see id.* § 406.075(a), and that the Endorsement did not provide coverage for Hope's injury because he was not hired or recruited in Texas, *see id.* § 406.071(b). Without stating its reasoning, the trial court granted final summary judgment in favor of HBI and Hartford and denied Texas Mutual's motion. This appeal followed.

## ANALYSIS

In one appellate issue, Texas Mutual challenges the trial court's summary judgment rulings, contending that, as a matter of law, neither HBI nor Hartford is entitled to reimbursement from Texas Mutual for Louisiana workers' compensation benefits paid to Hope.

**Standards of Review**

"A trial court's ruling on a motion for summary judgment is reviewed de novo." *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278 (Tex. 2018) (citing *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004)). "To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* (citing Tex. R. Civ. P. 166a(c)). When competing motions for summary judgment are filed, as is the case here, "each party bears the burden of establishing that it is entitled to judgment as a matter of law." *Id.* (quoting *City of*

6

*Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). "When faced with competing summary judgment motions where the trial court denied one and granted the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered." *Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015).

Resolution of Texas Mutual's issue also requires this Court to interpret the Endorsement. "When construing an insurance policy, we ordinarily 'ascertain and give effect to the parties' intent as expressed by the words they chose to effectuate their agreement.'" *Wausau Underwriters Ins. v. Wedel*, 557 S.W.3d 554, 557 (Tex. 2018) (quoting *In re Deepwater Horizon*, 470 S.W.3d 452, 464 (Tex. 2015) (orig. proceeding)). Because the Endorsement incorporates sections 406.071 and 406.072 of the Labor Code, we also must consider statutory language. *See Ingram v. Deere*, 288 S.W.3d 886, 899 (Tex. 2009) (applying rules of construction to contract governed by statutory terms). Statutory construction similarly "'begins with the Legislature's words,' looking first to their plain and common meaning." *Murphy*, 518 S.W.3d at 418 (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999)); *see also Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (construing text according to "plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results" (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008))). "In conducting this analysis, 'we look at the entire act, and not a single section in isolation.'" *Murphy*, 518 S.W.3d at 418. This "text-based approach to statutory construction requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence." *Id.* (quoting *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014)).

**Part One of HBI's policy**

As one of its grounds supporting summary judgment, Texas Mutual asserted in its motion that it was not liable under part one of HBI's policy. In response, HBI and Hartford make clear that they only seek reimbursement under the Endorsement. In their briefing to this Court, they affirmatively state that they "are not seeking to recover under Part One of the policy" and "have not asserted a claim for coverage under Part One because Hope pursued and recovered Louisiana, not Texas, workers' compensation benefits." Based on HBI and Hartford's concession that Texas Mutual is not liable under part one of the policy, we need not address this ground. *See, e.g.*, *Wojcik v. Wesolick*, 97 S.W.3d 335, 336–37 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (concluding that appellee had abandoned ground asserted to trial court by affirmatively "stating in its brief that it 'does not contend at this time [ground asserted to trial court]'"); *Hall v. Tomball Nursing Ctr., Inc.*, 926 S.W.2d 617, 619 (Tex. App.—Houston [14th Dist.] 1996, no writ) (concluding that appellate court did not need to address ground where counsel affirmatively "conceded" during oral argument that "judgment could not stand if it were based on this ground").

**Significant Contacts**

Texas Mutual also asserted in its motion for summary judgment that it was not liable under the Endorsement because Hope did not have significant contacts with Texas and was not hired or recruited in Texas. *See* Tex. Lab. Code § 406.071(a)(2), (b). Concerning this ground, HBI and Hartford refer this Court to our analysis in the prior appeal that addressed whether Hope was hired or recruited in Texas and state that "it is not necessary for this Court to address Texas Mutual's arguments concerning recruitment" because "the dispositive issue in this

8

case centers on the principal location of Hope's employment and not where he was hired or recruited." However, section 406.071(a)(2) provides the alternatives of an employee's significant contacts with Texas or his principal location of employment. Thus, it was Texas Mutual's burden to establish that neither alternative applied to conclusively establish that it was entitled to summary judgment. *See id.* § 406.071(a)(2); Tex. R. Civ. P. 166a(c); *Tarr*, 556 S.W.3d at 278. After remand, Texas Mutual's subsequent motion for summary judgment raised additional grounds but was supported by the same evidence concerning HBI's hiring and recruitment of Hope that we addressed in the prior appeal. Following our analysis of this evidence in our prior opinion, we conclude that Texas Mutual established as a matter of law that Hope was not hired or recruited in Texas. *See Hofer Builders*, 2019 Tex. App. LEXIS 5562, at *19–32.

**Principal Location of Employment**

Texas Mutual further asserted in its motion for summary judgment that it was not liable under the Endorsement because Hope's employment was not principally located in Texas. *See* Tex. Lab. Code §§ 406.071(a)(2), .072. HBI and Hartford's motion for summary judgment joined issue on this ground. The remaining question in this appeal then is whether the trial court erred in its summary judgment rulings because Texas Mutual conclusively established that Hope's employment was not principally located in Texas. Texas Mutual relies on the undisputed evidence that (i) HBI conducts its construction business in many states; (ii) after being hired by HBI in November 2014, Hope traveled directly from his Florida residence to Louisiana and began working for HBI at the Louisiana worksite; (iii) Hope did not travel to HBI's Texas office

9

during the hiring process or after he started working for HBI in November 2014; and (iv) Hope exclusively worked at the Louisiana worksite until he was injured in December 2014.

As support for their assertion that Hope's employment was principally located in Texas, HBI and Hartford rely on the evidence of Hope's prior assignments in Texas when he was employed with related companies; HBI's plans for Hope's assignments after the Louisiana project, which included working on projects in Texas as he had done with the related companies; and the location of HBI's only office in Texas. HBI and Hartford characterize the construction project at the Louisiana worksite and Hope's assignment there as "temporary" and argue that (i) under section 406.072, "there has to be a single principal location ('*the* principal location'), and it is limited to one of two options listed in the statute"; (ii) because subsection (2) of section 406.072 does not apply, it follows that subsection (1) applies; and (iii) the principal location of Hope's employment was HBI's Texas office—HBI's place of business "from which Hope worked." Although he was not physically present at the Texas office, Hope communicated with people who were there to receive his assignments and to provide reports, and he received payments from there.

For purposes of this appeal, we need not decide the principal location of Hope's employment. The dispositive question is whether the evidence conclusively established that HBI did or did not have "a place of business [in Texas] at or from which [Hope] regularly work[ed]." *See* Tex. Lab. Code § 406.072(1); *see also Webster's* at 302 (defining "business" as "activity directed toward some end" and "commercial or mercantile activity customarily engaged in as a means of livelihood"), 1727 (defining "place" as "physical environment: space" and "physical

surroundings").[4] Our determination of this question "focuses on the employee's location once he or she has begun working (after employment)."[5] *Hofer Builders*, 2019 Tex. App. LEXIS 5562, at *24.

Because the evidence established that Hope was located in Louisiana during the entirety of his employment, we apply the plain meaning of the phrase "place of business at or from which the employee regularly works" to conclude that Texas Mutual established as a matter of law that Hope's employment was not principally located in Texas. *See* Tex. Lab. Code § 406.072(1); *Scott*, 309 S.W.3d at 930. The evidence was undisputed that after Hope was hired in November 2014, he was never physically at HBI's Texas office but worked exclusively "at" the Louisiana worksite until he was injured. *See Webster's* at 136 (defining "at" as "function word to indicate presence in, on, or near: as (1) presence or occurrence in a particular place"). HBI and Hartford focus on the phrase "from which" in the statute and define "from" as "out of" to support their position that Hope worked "from" their Texas office. *See Black's Law Dictionary* 668 (6th ed. 1990).[6] But, applying the plain meaning of the words in context, a place

---

[4] We observe that the plain meaning of "place of business" encompasses more than an employer's office and could include a location where an employer is engaged in commercial activity. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Had the Legislature intended for the principal location inquiry to be limited to offices, it could have easily said so.

[5] Focusing on the employee's location conforms with the Texas Workers Compensation Act's purpose to provide benefits for work-related injuries that, by definition, occur where the employee is located. *See In re Poly-America, L.P.*, 262 S.W.3d 337, 349–50 (Tex. 2008) ("The Texas Workers Compensation Act was enacted to protect Texas workers and employees.").

[6] HBI and Hartford rely on the definition from the sixth edition of Black's Law Dictionary that defines "from" as follows:

11

of business "from which" an employee works still would require the employee's physical presence at the place of business at some point. *See Webster's* at 913 (defining "from" as "function word to indicate a starting point: as (1) a point or place where an actual physical movement . . . has its beginning"); *see also Murphy*, 518 S.W.3d at 418.

Thus, the evidence established that HBI did not have a place of business in Texas "at or from which" Hope regularly worked. *See* Tex. Lab. Code § 406.072(1). To hold otherwise would require us to ignore the statutory language and the intent of our workers' compensation laws. *See Murphy*, 518 S.W.3d at 418; *see also Scott*, 309 S.W.3d at 931 ("Courts must not give the words used by the Legislature an "exaggerated, forced, or constrained meaning."). The "entire statute is intended for the benefit of Texas employees and because industry in Texas should not have the burden of providing insurance to employees of other states." *Dossey*, 402 S.W.2d at 155 (quoting *Hale*, 239 S.W.2d at 608).

Our interpretation of section 406.072(1) that focuses on the employee's location is consistent with related sections of the Labor Code. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) (explaining that courts "generally avoid construing individual provisions of statute in isolation from the statute as a whole"); *see*

---

As used as a function word, implies a starting point, whether it be of time, place, or condition; and meaning having a starting point of motion, noting the point of departure, origin, withdrawal, etc., as he travelled "from" New York to Chicago. . . . One meaning of "from" is "out of." Word "from" or "after" an event or day does not have absolute and invariable meaning, but each should receive an inclusion or exclusion construction according to intention with which such word is used. . . . Words "from" and "to," used in contract, may be given meaning to which reason and sense entitles them, under circumstances of case.

Black's Law Dictionary 668 (6th ed. 1990) (citations omitted).

*also Texas Dep't of Ins. v. Jones*, 498 S.W.3d, 610, 615 (Tex. 2016) ("We construe the Workers' Compensation Act, like other statutes, by considering the plain meaning of the text, given the statute as a whole."). As with section 406.072, the subject in section 406.071 is the "employee." *See* Tex. Lab. Code § 406.071(a) (entitling "employee who is injured while working in another jurisdiction or the employee's legal beneficiary" to rights and remedies), (a)(2) (addressing "employee" who has significant contacts with state), (b) (stating that "employee has significant contacts if the employee was hired or recruited in this state and the employee" was injured within designated times). Similarly, the subject of section 406.073 is the employee's location. It allows "[a]n employee whose work requires regular travel between the state and at least one other jurisdiction" to "agree in writing" with his or her employer on the employee's "principal location of the employment." *See id.* § 406.073(a); *Celadon Trucking Servs., Inc. v. Martinez*, 320 S.W.3d 377, 383 (Tex. App.—El Paso 2010, pet. denied) (enforcing agreement between employee and employer that employee's employment is "principally localized in Indiana").

We also observe that HBI and Hartford's proposed interpretation would lead to illogical and unreasonable results and conflicts with other provisions in the standard form Endorsement. *See Railroad Comm'n*, 336 S.W.3d at 628; *Scott*, 309 S.W.3d at 930. Under their proposed interpretation, Texas Mutual's policies issued to employers with offices only in Texas would cover the employers' nationwide business. But the Endorsement expressly provides that "[e]mployees hired or recruited by you outside Texas to work in another state are specifically excluded from the terms and provisions of this policy" and that Texas Mutual is "not authorized to provide workers' compensation insurance in any jurisdiction other than Texas." *Cf.* Tex. Lab. Code § 406.053 (addressing "All States Coverage"); *In re Poly-America, L.P.*, 262 S.W.3d 337, 349–50 (Tex. 2008) ("The Texas Workers Compensation Act was enacted to protect Texas

13

workers and employees."); *see also Texas Emps' Ins. v. Miller*, 370 S.W.2d 12, 14 (Tex. App.—Texarkana 1963, writ ref'd n.r.e.) (stating that "extra-territorial provision of the Texas Workmen's Compensation Act is mainly to protect Texas employees temporarily out of the State of Texas, whose employment takes them periodically out of the State").

For these reasons, we conclude that the trial court erred in granting summary judgment in favor of HBI and Hartford and denying Texas Mutual's motion for summary judgment. *See Emmett*, 459 S.W.3d at 583. Thus, we sustain Texas Mutual's issue.

## CONCLUSION

Having sustained Texas Mutual's issue, we reverse the trial court's order and render judgment declaring that Texas Mutual is not liable to HBI or Hartford for the Louisiana workers' compensation benefits paid to Hope.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Reversed and Rendered

Filed:   August 25, 2022

14